STANDARD OIL COMPANY, Division of American Oil Company, Plaintiff-Appellee, v. RUSSELL LEE LACHENMYER et al., Defendants-Appellants.

(No. 55948; )

First District—June 27, 1972.

Frank H. Byers, of Decatur, (Byers & Westfall, of counsel,) for appellants.

Lawrence Friedman, of Chicago, (Michael Pekay, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff filed a complaint alleging that the two defendants, Russell and Carrall Lachenmyer, were liable for goods delivered to them under the Illinois Family Expense doctrine. A 3-paragraph complaint, differing from the one filed, was served on the Lachenmyers (the only defendants involved in this appeal). It makes no mention of the Family Expense statute and alleges only that the defendants owed plaintiff for goods delivered, with no further detail as to the nature of the claim. While it appears that defendant Burke is the one who purchased the goods, there is no allegation in the complaint of a connection between him and the Lachenmyers.

Defendants answered the complaint, denying that they owed plaintiff for goods delivered. The plaintiff then moved for a summary judgment which the court granted. On its own initiative the court entered a motion on behalf of the defendants to vacate that judgment, and when defendants subsequently filed a formal motion to vacate, supported by affidavit, the court denied their motion. The defendants appeal, contending that the court erred as a matter of law in granting summary judgment and erred again in refusing to vacate that order. They also contend that the court erred in granting summary judgment upon the complaint filed but never served on defendants. We proceed to a more detailed statement of this extraordinary legal proceeding.

On June 1, 1970, suit was filed by plaintiff against the three defendants for $11,198.25. The complaint was in five paragraphs, verified by the attorney for the plaintiff, and alleged in part that the merchandise delivered to defendants by plaintiff was used in and for the family of defendants. A purported copy of the complaint [which differed materially from the complaint filed] was served upon the Lachenmyers. It did not contain an allegation based on the Family Expense doctrine, but alleged only that the plaintiff delivered goods to defendants for which

defendants refused to pay. The Lachenmyers filed a verified answer to the complaint, and alleged that plaintiff did not sell and deliver goods to them, nor did plaintiff, prior to this suit, make any such demand for payment.

Plaintiff's attorney took the deposition of Russell Lachenmyer, and on December 24, 1970, plaintiff filed a petition and affidavit for summary judgment which was verified by Lawrence Friedman, attorney and agent for plaintiff. The petition alleged that in the original action plaintiff brought suit to recover from the Lachenmyers as "co-makers guarantors of a note presented September 4, 1968, * * *" and that after allowing all set-offs, "the approximate sum of $1,700.00, there is now due and owing from Defendants to Plaintiff, the sum of $9,498.25, plus interest from date of default." The petition also stated that a photostatic copy of the note was attached as an exhibit, but in fact, such exhibit was not attached. The petition further alleged that from plaintiff's personal knowledge gained in taking the deposition of Russell Lachenmyer, the signatures of the Lachenmyers appeared on such guarantee. The petition further alleged that the plaintiff fairly believed there was no defense to the action. The defendants filed no counter-affidavit.

The court granted plaintiff's motion for summary judgment, and defendants filed a motion to vacate the judgment, supported by affidavit and exhibits. The motion to vacate alleged that the goods referred to in the complaint were not purchased by the Lachenmyers, but by James Burke, and that the pleadings raised material issues of fact that could not be disposed of in a motion for summary judgment. Five verified exhibits were attached to the motion to vacate, all of which reflect the fact that plaintiff sold goods to and contracted with Burke only. Plaintiff filed no counter-affidavit and the court refused to vacate its original ruling, and denied defendants' motion to vacate. From the rulings of the court granting summary judgment to the plaintiff and refusing to vacate that order, the defendants have appealed.

After the Lachenmyers filed their notice of appeal, but before their appeal bond was approved and made a *supersedeas,* the plaintiff filed an affidavit for garnishment and served the Lachenmyers' bank with interrogatories, thereby freezing defendants' bank accounts pending this appeal. Defendants therefore urge this court to quash the garnishment proceedings. We proceed to a consideration of defendants' first contention that the court erred in granting plaintiff's summary judgment because plaintiff's affidavit in support of summary judgment was insufficient as a matter of law.

■■■ A motion for summary judgment is limited to those cases in which the pleadings, affidavits and depositions on file disclose that there is no

genuine issue of material fact in the case. The purpose of summary judgment procedure is to determine whether there is a genuine issue of material fact, not to try it. *Oberg v. John Hancock Mut. Life Ins. Co.*, 114 Ill.App.2d 152; *Kobus v. Formfit Co.*, 35 Ill.2d 533; *Giova v. Carrol*, 109 Ill.App.2d 259.

The Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 57 (3) ) provides that a summary judgment should be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

In the instant case the plaintiff submitted an affidavit of Lawrence Friedman, as attorney and agent of plaintiff. Supreme Court Rule 191 (a) (Ill. Rev. Stat. 1969, ch. 110A, par. 191 (a) ) prescribes the requirements for an affidavit in support of a motion for summary judgment as follows:

"(a) *Requirements.* Affidavits in support of and in opposition to a motion for summary judgment * * * shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto."

■■ In the instant case the affidavit supporting plaintiff's motion does not meet the requirements of Rule 191 (a). Paragraph 1 of the affidavit states that the action is "brought to recover the sum of $11,198.25, due from defendants as co-makers guarantors of a note * * *." Plaintiff's complaint, however, alleged that the suit was brought for goods delivered to defendants but never paid for. The complaint served upon defendants does not mention a promissory note, nor does the complaint filed mention a note. The affidavit thus fails to meet the requirement of Rule 191 (a) which demands that the affidavit "shall set forth with particularity the facts upon which the claim * * * is based." Plaintiff cannot seek recovery on a complaint alleging a claim for goods sold, then seek summary judgment in the same action on the basis of a note which was never pleaded in the complaint.

■■ Paragraph 1 of the affidavit also states that a photostatic copy of the note was attached, but no note or guarantee agreement was attached to the affidavit. Since they were not attached, the plaintiff failed to meet the requirement of Rule 191 (a) that the affidavit "shall have attached thereto sworn or certified copies of all papers upon which the affiant relies."

■■ In paragraph 3 of the affidavit plaintiff alleges that the petition

"is made on Plaintiff's personal knowledge relative to the veracity of said note and guaranty, and the signatures thereon as admitted by Defendant, Russell Lee Lachenmyer, pursuant to deposition taken of him * * *." The deposition referred to was not filed in the court of record, nor was it attached to the affidavit. Failure to file the deposition of record violates the provisions of section 57 (3) of the Civil Practice Act, which permits the court to consider depositions on file. Failure to attach a copy of the deposition to the affidavit violates the provisions of Rule 191 (a) requiring copies of all documents relied on to be attached.

■■ In Paragraph 2 of the affidavit plaintiff states that "there is now due and owing from Defendants to Plaintiff in said note after allowing all just credits, deductions and set-offs to Defendants, to-wit: the approximate sum of $1,700.00, there is now due and owing from Defendants to Plaintiff, the sum of $9,498.25, plus interest from date of default." By using the word "approximate" the plaintiff indicated that the exact amount of the allowable deductions was not known at the time the affidavit was submitted, and the amount due and owing would therefore be an approximation. This does not meet the requirement of Rule 191 (a) which states that the affidavit shall not consist of conclusions but of facts admissible in evidence. A judgment should not reflect a conclusion of the approximate amount due, but should assess the damages from the facts.

■■ The affidavit submitted by plaintiff supporting his motion for summary judgment failed to meet the requirements for such documents as set forth in Supreme Court Rule. The court should not have considered the affidavit in ruling on the plaintiff's motion. If the affidavit is removed from consideration, the court has only to consider the complaint and answer which raise an issue of material fact, the complaint alleging that defendants purchased goods and the answer denying that defendants purchased such goods. Since summary judgment should not be granted when an issue of material fact is raised, the judgment is reversed.

Defendants also contend that the court granted summary judgment on a complaint filed but never served upon them. This error can be cured by ordering the plaintiff to serve a copy of the true complaint upon defendants, and defendants filing an answer.

The garnishment action and the freezing of defendants' bank accounts by plaintiff pending this appeal are quashed and the judgment on which the garnishment was based is reversed and remanded with directions for such other and further proceedings as are not inconsistent with the views herein expressed.

Reversed and remanded with directions.

STAMOS, P. J., and LEIGHTON, J., concur.