DARRYL BELL, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO et al., Defendants-Appellees.

First District (2nd Division)   No. 77-1812

Opinion filed December 26, 1978.—Rehearing denied January 23, 1979.

William J. Harte, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago, for appellee William Booth.

Heineke & Schrader, and Moses, Gibbons, Abramson & Fox, both of Chicago (John E. Guy, of counsel), for appellee Board of Education.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from two orders entered by the circuit court of Cook County. The first of these orders, entered July 28, 1977, granted defendant Board of Education's motion for involuntary dismissal of the action commenced by plaintiff Darryl Bell. The second order, entered August 17, 1977, granted defendant William Booth's motion to dismiss plaintiff's action.

On February 2, 1976, plaintiff Darryl Bell commenced a two-count tort action against defendants Board of Education of the City of Chicago (hereinafter referred to as the Board) and William Booth, a teacher employed by the Board. Count I of plaintiff's complaint charged defendants with the negligent striking of plaintiff with a stick. The striking allegedly caused serious and permanent external and internal injuries. Pursuant to these count I claims plaintiff prayed for $750,000 in damages.

Count II of the complaint charged defendants with wilful and wanton conduct. Pursuant to count II claims plaintiff prayed for $100,000 in damages plus costs. A notice of claim for personal injuries, dated October 6, 1975, and sent to the Board, was appended to plaintiff's complaint.

On May 17, 1976, the Board responded with a motion to dismiss the complaint. The Board's motion contended (1) that the complaint was substantially insufficient and incapable of stating a cause of action, (2) that pursuant to the laws of the State of Illinois the Board could not be found liable for ordinary negligence, and (3) that the allegations of count II were replete with conclusory statements and devoid of fact.

On March 23, 1977, Booth filed a motion to strike and dismiss plaintiff's complaint. Booth's motion was similar to the aforementioned motion of the Board but added that Booth enjoyed immunity as defined by the Local Governmental and Governmental Employees Tort

Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 1—101 *et seq.*), in sections 2—201 and 3—108.

On May 4, 1977, plaintiff filed a first amended complaint at law as to count II only. On June 9, 1977, the Board filed a motion for summary judgment, involuntary dismissal or other relief. On July 7, 1977, plaintiff responded with a memorandum in opposition to the Board's motion.

The circuit court then, on July 28, 1977, dismissed plaintiff's action as to the Board. The dismissal order revealed that it was entered because plaintiff failed to demonstrate an ability to prove any injury proximately caused by the act upon which plaintiff's action was based. We are, however, uncertain as to the character of the relief granted by the trial court. It is unclear whether the order granted summary judgment or involuntary dismissal pursuant to Supreme Court Rule 219(c)(v) (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)(v)). The dismissal order specifically referred to an "involuntary dismissal" but did not refer to plaintiff's failure to comply with the rules of discovery. Furthermore, the Board's June 9, 1977, motion requested summary judgment, involuntary dismissal or other relief.

On August 17, 1977, Booth filed a motion to dismiss based upon the July 28, 1977, order. This motion was granted and an order was entered. On August 26, 1977, the circuit court ordered its prior orders final as of August 31, 1977. It is from the orders of July 28, 1977, and August 17, 1977, that plaintiff appeals.

It is clear that the trial court considered as significant plaintiff's answer to a supplemental interrogatory which reflected that plaintiff had not obtained the services of an expert witness (physician) to testify at trial. The specific interrogatory and answer thereto read as follows:

"29. What are the names, addresses, and occupational specialties of each person who will or may be called by plaintiff in the event of trial of this matter to testify as an expert to each or any of the following allegations of plaintiff.

a. That the minor plaintiff's Guillain-Barre Syndrome could or might have been a proximate result of the occurrence sought to be sued upon?

not known at present

b. The findings, symptoms and diagnosis of 'other injuries', as alleged by the answer to interrogatory No. 4 and supplemental interrogatory No. 27.

not known at present

c. That such 'other injuries' could or might have been proximately caused by the occurrence sought to be sued upon.

not known at present"

While we note that the failure to procure an expert in a case of this nature

may prove detrimental to plaintiff we do not believe that the pretrial absence of an "obtained" expert can be fatal to plaintiff's action.

■■ Perhaps plaintiff could continue to construct his prima facie case until trial commenced. There is a possibility of obtaining an expert by the time the trial of the cause occurs. We find no reason for compelling plaintiff to reflect an ability to prove his case prior to trial. *Schaefer v. Sippel* (1978), 58 Ill. App. 3d 816, 374 N.E.2d 1092.

Our decision regarding the orders entered in favor of defendants must be shaped around the confusion attached to those orders. Therefore, we will address ourself to summary judgment and involuntary dismissal pursuant to Rule 219(c).

■■ There are cases in which summary judgment has been held appropriate when the plaintiff indicated that it could not obtain expert medical testimony necessary to the proof of negligence. (*Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147; *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105 (both medical malpractice cases).) However, we do not believe that these cases dictate the result in the case at bar. Summary judgment must not be used to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute *may* exist. (*Interlake, Inc. v. Harris Trust & Savings Bank* (1978), 57 Ill. App. 3d 524, 373 N.E.2d 413.) Plaintiff has a fundamental right to present a cause of action. (*Plost v. Louis A. Weiss Memorial Hospital* (1978), 62 Ill. App. 3d 253, 378 N.E.2d 1176.) The dismissal of plaintiff's action by the trial court interfered with this right.

■■ Assuming that the dismissal orders entered by the trial court were entered pursuant to Supreme Court Rule 219(c)(v) (Ill. Rev. Stat. 1975, ch. 110A, par. 219(c)(v)) it is clear that the entry of these orders reflects an abuse of discretion. In determining which orders or sanctions to impose under Rule 219(c), if any, the court must seek not to impose punishment, but rather to accomplish the objects of discovery. Sanctions are to be imposed only when the noncompliance is unreasonable, and the order entered must be just. A just order is one which, to the degree possible, insures both discovery and trial on the merits. For these reasons, courts are reluctant to impose the sanction of dismissal. It is a drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority. *In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.

■■ The record before us reflects no such contumacious disregard of the trial court's authority by plaintiff. Plaintiff did not intentionally refuse to reveal the identity of expert witnesses. Plaintiff had obtained no expert witnesses in the first instance. Therefore, if the dismissal orders were

premised upon Rule 219(c)(v), the dismissal orders were improvidently entered.

Accordingly, the orders complained of are hereby vacated and the cause remanded for proceedings not inconsistent with this opinion.

Orders vacated and cause remanded with directions.

DOWNING and BROWN,[1] JJ., concur.

---
[1] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.