MARY STEGMILLER, Adm'r of the Estate of Robert Stegmiller, Deceased, Plaintiff-Appellant, *v.* H. P. E., INC. a/k/a Home Pool Equipment Division, Inc., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 79-893

Opinion filed February 19, 1980.—Rehearing denied March 24, 1980.

Philip J. Rock and William P. Jones, both of Rock, Fusco, Reynolds and Heneghan, of Chicago, for appellant.

Robert M. Chemers and Joseph B. Lederleitner, both of Pretzel, Stouffer, Nolan & Rooney, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Mary Stegmiller, as administrator of the estate of her son, Robert, filed the instant products liability suit against defendants Home Pool Equipment Division, Inc., Frank's Department Store, Inc., and American Cement Corporation. The complaint alleged that an improperly insulated swimming pool filter manufactured, sold, and installed by defendants electrocuted the deceased. After several unsuccessful requests by defendants that plaintiff produce the pool filter for examination, the trial court dismissed the complaint for failure to comply with Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)). Plaintiff filed a motion to vacate alleging that the pool filter was inadvertently lost. The motion was denied and plaintiff appealed.

On appeal, plaintiff argues that because the pool filter was lost and impossible of being produced, the trial court erred by imposing the drastic sanction of dismissing plaintiff's suit.

We affirm.

The facts are not disputed. On August 26, 1974, plaintiff Mary Stegmiller filed the instant products liability suit against defendants. The complaint alleged that a defective swimming pool filter supplied by defendants caused the electrocution death of six-year-old Robert Stegmiller.

Defendants answered the complaint. They alleged that they had no present knowledge of having had any "connection with the design, manufacture or sale of a swimming pool or equipment" to plaintiff. Thereafter defendants requested plaintiff to produce the pool filter for examination. Plaintiff did not respond. Subsequently, in December of 1976 and June of 1977, defendants again requested plaintiff to produce the filter. Again, plaintiff did not respond. Thereafter, in accordance with Supreme Court Rule 219(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)), defendants filed a motion to dismiss the complaint for failure to comply with discovery. The trial court then entered an order directing plaintiff to produce the pool filter. When plaintiff failed to respond, the trial court entered another order directing plaintiff to produce the filter. Again, plaintiff did not respond. Finally, on June 1, 1978, and pursuant to Rule

219(c), the trial court entered an *ex parte* order dismissing plaintiff's complaint for failure to produce the pool filter.

On July 3, 1978, plaintiff filed a motion to vacate the order. The supporting affidavits indicated that an investigator hired by plaintiff's attorney picked up the pool filter from the Stegmiller home on August 30, 1972. The filter was stored in the basement of the investigator's home until January of 1973, at which time it was delivered to the office of plaintiff's attorney. The filter was stored in the attorney's office pending examination. Later that month, plaintiff's attorney moved his office to a new location. Despite a continuous search and conversations with the building managers at both offices, the pool filter could not be found.

At the conclusion of the hearing on the motion to vacate, the motion was denied. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred when it denied plaintiff's motion to vacate the order dismissing the complaint. It is plaintiff's contention that dismissal of the suit was unwarranted since the inability to locate the pool filter made compliance with discovery procedures impossible.

■■■ We disagree. The sanctions enumerated under Supreme Court Rule 219(c) are to be imposed only when the order is just and noncompliance is unreasonable. (*Bell v. Board of Education* (1978), 67 Ill. App. 3d 402, 385 N.E.2d 84.) "Unreasonable noncompliance" has been construed as conduct which indicates a deliberate and pronounced disregard for the rule or order not complied with. (*Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 293 N.E.2d 742.) A "just order" has been defined as one which insures both discovery and a trial on the merits. *Serpe v. Yellow Cab Co.* (1973), 10 Ill. App. 3d 1, 293 N.E.2d 742; *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27.

In *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, our supreme court considered the extent of the court's discretion in entering and enforcing discovery orders. It stated that the purpose of Rule 219 is to further discovery and that while the court may impose such sanctions as are necessary to achieve this end, it may not impose sanctions that are intended primarily as punishment.

■■ Applying these principles to the present case, we believe the trial court was correct in dismissing the complaint. For the sanctions enumerated in Rule 219 to be applied, there must be an unreasonable noncompliance. The record discloses that the chronological facts are as follows:

August 26, 1974     Complaint filed.
September 24, 1975  Defendants filed Rule 214 requested for production of the swimming pool filter.

| December 29, 1976 | Defendants filed second Rule 214 request for production of the swimming pool filter. |
| June 22, 1977 | Defendants' counsel made second request for compliance by plaintiff with outstanding discovery pursuant to Rule 201(k). |
| July 21, 1977 | Defendants filed Motion to Dismiss. |
| July 21, 1977 | Order of Judge Giliberto, plaintiff to comply with discovery requests on or before August 4, 1977. |
| May 11, 1978 | Defendants again filed Motion to Dismiss for plaintiff's repeated failure to comply with production requests and Court ordered discovery. |
| May 25, 1978 | Order of Judge Giliberto, plaintiff to produce the swimming pool filter within six days. |
| June 1, 1978 | Dismissal order entered by Judge Giliberto. |
| July 3, 1978 | Plaintiff's motion to vacate filed. |
| March 12, 1979 | Order of Judge Giliberto, plaintiff's motion to vacate order of dismissal entered June 1, 1978, denied. |

■ The record further discloses a letter dated September 24, 1975, requesting the plaintiff's attorney to produce for examination the swimming pool filter; to this letter the plaintiff never responded. Again on December 29, 1976, a letter was directed to the plaintiff's attorney asking for the allegedly defective swimming pool filter for inspection, examination and photographing and to this letter plaintiff's attorney never responded. Again on June 22, 1977, another letter was directed to the plaintiff's attorney requesting the production of the allegedly defective pool filter; to this letter plaintiff's attorney never responded. Nothing in the record demonstrates a willingness to comply with the court-ordered discovery which militates against the sanction of dismissal. In fact, it was only after the entry of the *ex parte* order dismissing the complaint that plaintiff even attempted to explain her failure to comply with discovery. This was nearly three years after defendants' initial request for the pool filter. Consequently, we conclude that plaintiff's conduct did reflect an unreasonable noncompliance with the discovery procedures, thus warranting dismissal of the complaint.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.