REUBEN H. DONNELLEY CORPORATION, Plaintiff and Counterdefendant-Appellee, v. KRASNY SUPPLY COMPANY, INC., Defendant and Counterplaintiff-Appellant.

First District (2nd Division)   No. 1—89—2660

Opinion filed June 25, 1991.

Richard D. Grossman, of Danne, Crane, Heyman & Simon, of Chicago, for appellant.

Steven H. Hoeft, Martha V. Sackley, and Jennifer S. Walz, all of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE COCCIA delivered the opinion of the court:

Plaintiff Reuben H. Donnelley Corporation (Donnelley) filed a breach of contract action against defendant Krasny Supply Company, Inc., when defendant failed to pay the cost of an advertisement it placed in plaintiff's telephone yellow pages directory. Defendant filed a counterclaim for consequential damages, alleging that plaintiff erroneously printed the advertisement with the telephone number of defendant's competitor. The trial court entered partial summary judgment in favor of plaintiff on the counterclaim, based on an exculpatory clause limiting claims for lost profits. Defendant appeals from that order. On plaintiff's own motion, its complaint was dismissed. No portion of the suit remains pending below.

The pleadings, affidavits and depositions in the record establish the following. For 15 years prior to 1981, defendant's owners placed advertisements with plaintiff for various businesses which defendant's owner operated.

In 1979, defendant bought the name "Krasny Supply Company, Inc.," when the Krasny Supply Company, a restaurant supply wholesaler, went out of business. Defendant, which had been in the restaurant supply business for many years, began operating a restaurant equipment and supply business under the name "Krasny Supply Company, Inc."

In 1981, the previous owners of Krasny Supply Company started a new business, named "Krasny & Company." Krasny & Company was in direct competition with defendant Krasny Supply Company.

In September 1981, defendant Krasny Supply Company placed an advertisement in the 1982 yellow pages. The contract contained the following exculpatory clause:

"IT IS UNDERSTOOD AND AGREED BY [DEFENDANT], IN THE EVENT OF ANY ERRORS OR OMISSIONS

ON THE PART OF [PLAINTIFF] IN CONNECTION WITH THE REPRESENTATION REQUESTED OR IN ANY LISTING REFERRED TO ON OR IN CONNECTION WITH SUCH REQUEST, AS TO ANY DIRECTORY ISSUE, THE LIABILITY OF [PLAINTIFF] ARISING FROM SUCH ERROR OR OMISSION IN THE REPRESENTATION REQUESTED SHALL BE LIMITED TO AND IN NO EVENT EXCEED THE AMOUNT PAID THEREFOR[ ] HEREUNDER WITH RESPECT TO SUCH ISSUE OF THE DIRECTORY. The limitation of liability provided hereunder shall apply no matter how caused or arising, no matter whether same shall constitute a breach of contract or a tort, negligent or otherwise and regardless of the form in which any legal or equitable action may be brought against [plaintiff]. Under no circumstances shall [plaintiff] be liable for special consequential or exemplary damages."

When the Krasny Supply Company advertisement which defendant had purchased was published by plaintiff, it erroneously listed the telephone number for defendant's competitor, Krasny & Company. Defendant Krasny Supply Company consequently refused to pay plaintiff the $2,703 cost of the advertisement. Apparently orders meant for defendant Krasny Supply Company were actually given to the competitor, Krasny & Company, due to the erroneous advertisement. This suit followed.

Irving Naiditch, president of defendant Krasny Supply Company, testified at a deposition that in 1982, when he purchased the 1982 advertisement from plaintiff, he objected to the exculpatory clause in the contract. Naiditch asked plaintiff's salesman whether the exculpatory clause could be amended because he believed plaintiff should be responsible for any error. Plaintiff informed Naiditch that if defendant wanted to place the advertisement, there was no alternative but to sign the contract because there was only one "Red Book," which is the Chicago area yellow pages. Naiditch testified further that defendant had no choice but to sign plaintiff's contract because plaintiff had a "monopoly" and defendant had no place else to go for yellow pages advertising. Naiditch also stated that defendant advertised through the yellow pages, direct mail fliers, catalogues, and brochures.

Richard Amend, vice-president of defendant Krasny Supply Company, stated in an answer to plaintiff's interrogatories that in 1978 or 1979, he also had objected to the exculpatory clause in regard to advertisements he placed with plaintiff for other companies

he operated. Defendant was told that the contract was a standard form contract and its language was not negotiable. Amend would have to sign the contract exactly as printed or its advertising would not be accepted.

Plaintiff moved for partial summary judgment, seeking to strike defendant's counterclaim for lost profits, based on the contract's exculpatory clause.

On July 7, 1989, the court entered partial summary judgment in favor of plaintiff, finding no triable issue of fact as to the unconscionability of the exculpatory clause.

On August 29, 1989, the court granted defendant's motion for reconsideration in part, only for the purpose of adding Naiditch's full deposition transcript to the record. The court also dismissed plaintiff's complaint on plaintiff's own motion. The court entered judgment for defendant on the counterclaim to the extent that it relieved defendant from payment of the $2,703 cost of the advertisement. The court left intact its original partial summary judgment order finding no triable issue of fact as to the unconscionability of the contract. Defendant appeals from the August 29, 1989, order.

On appeal, defendant maintains that a triable issue of fact exists as to whether or not the contract was unconscionable.

■■ A motion for summary judgment is properly granted where the pleadings, depositions, admissions and affidavits on file reveal that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.

Plaintiff based its motion for summary judgment on the exculpatory clause contained in the contract. Once plaintiff established the existence of a valid exculpatory clause, the burden of production on the motion shifted to defendant.

■ A party · opposing a motion for summary judgment may come forward with counteraffidavits or other documents which establish that genuine issues of material fact exist, thus precluding summary judgment. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 819, 416 N.E.2d 328, 333.

■ Defendant responded to plaintiff's motion for summary judgment by arguing that the exculpatory clause was unconscionable. Defendant Krasny Supply Company, as counterplaintiff, bears the ultimate burden of proof at trial on the elements of its action. Where the issue of unconscionability is alleged, the party alleging

the unconscionability has the burden at trial to produce sufficient evidence of unconscionability. *Dana Point Condominium Association, Inc. v. Keystone Service Co., a Division of Cole Coin Operated Laundry Equipment, Inc.* (1986), 141 Ill. App. 3d 916, 921, 491 N.E.2d 63, 67.

Defendant argues that the "gross disparity of bargaining power" between itself and plaintiff, the "absence of a meaningful choice" of advertisers, and the "unreasonably favorable terms for plaintiff" establish that the exculpatory clause at issue is unconscionable, or a contract of adhesion.

■■ ■ Exculpatory clauses are not favored and must be strictly construed against the benefitting party. (*Harris v. Walker* (1988), 119 Ill. 2d 542, 548, 519 N.E.2d 917.) Nevertheless, private parties to a contract may allocate the risk of negligence as they see fit and exculpatory clauses are not violative of public policy as a matter of law. (*McClure Engineering Associates, Inc. v. Reuben H. Donnelley Corp.* (1983), 95 Ill. 2d 68, 447 N.E.2d 400.) In the absence of legislation to the contrary, courts will not interfere with contracts containing exculpatory clauses, unless there is a defect in the contract negotiation process such that a disparity in bargaining power denied a party the absence of meaningful choice. (*McClure Engineering Associates, Inc. v. Reuben H. Donnelley Corp.*, 95 Ill. 2d 68, 447 N.E.2d 400.) Absent such a defect, the contract will be enforced as written and a court will not set aside the contract merely because that agreement later turns out to be a bad bargain for one of the parties. *Dana Point Condominium Association, Inc. v. Keystone Service Co.*, 141 Ill. App. 3d 916, 491 N.E.2d 63.

■■ Our supreme court, with one dissenting justice, has held that the inclusion of an exculpatory clause in a yellow pages advertisements contract does not violate public policy. *McClure Engineering Associates*, 95 Ill. 2d at 72-73.

We go on to determine, therefore, whether the record reveals any factual questions regarding a disparate bargaining position.

In *McClure Engineering Associates*, the court upheld a directed verdict in favor of defendant Donnelley on the basis of plaintiff's failure to establish that an exculpatory clause in its advertising contract was the result of unconscionability. The court held that plaintiff's failure to show factual support for a claim of unconscionability properly resulted in a directed verdict for Donnelley.

In *McClure*, the court agreed with numerous jurisdictions which held that "yellow pages advertising is a nonregulated activity, [and refused] to find unconscionable bargaining, and [upheld] the excul-

patory clauses used in such contracts." (*McClure Engineering Associates*, 95 Ill. 2d at 74 (and the 16 cases cited therein).) We follow the holding in *McClure* under the facts before us here.

■ A contract is unconscionable where it is improvident, oppressive or totally one-sided. (*Streams Sports Club, Ltd. v. Richmond* (1983), 99 Ill. 2d 182, 191, 457 N.E.2d 1226.) Relevant factors include gross disparity in bargaining positions of the parties together with terms unreasonably favorable to the stronger party. (*Ahern v. Knecht* (1990), 202 Ill. App. 3d 709, 716, 563 N.E.2d 787.) Courts may look at the commercial experience of the parties in determining whether the aggrieved party had a meaningful choice when faced with unreasonably unfavorable terms. *Ahern v. Knecht*, 202 Ill. App. 3d 709, 563 N.E.2d 787.

It is undisputed here that defendant read and understood the exculpatory clause. Both parties have extensive commercial experience, and defendant has been advertising in plaintiff's yellow pages for over 15 years. There is nothing in the record showing a disparate bargaining position. Moreover, the mere disparity of bargaining power is not sufficient grounds to vitiate contractual obligations. *Streams Sports Club, Ltd. v. Richmond*, 99 Ill. 2d 182, 457 N.E.2d 1226.

Furthermore, in regard to whether the terms were unreasonably unfair to defendant, plaintiff effectively points out that its advertisers receive the benefit of a lower price for advertising than they would if liability for consequential damages were not limited. Thus, the contractual limitation is commercially reasonable. Where the advertising rates are based on the existence of limited liability created by the exculpatory contract clause, there is not the type of one-sidedness that arises to the level of oppression. See *University Hills Beauty Academy, Inc. v. Mountain States Telephone & Telegraph Co.* (1976), 38 Colo. App. 194, 196, 554 P.2d 723, 725.

In addition, we note the record shows that alternative forms of advertising were available. (See *Wille v. Southwestern Bell Telephone Co.* (1976), 219 Kan. 755, 763, 549 P.2d 903, 909.) This further establishes the absence of unequal bargaining power.

■■ ■ Defendant relies primarily upon Naiditch's deposition testimony that the yellow pages advertising was a monopoly. Naiditch's unsupported assertion is insufficient to establish an issue of fact. In a summary judgment proceeding, a formal deposition may serve in place of an affidavit. (134 Ill. 2d R. 212(a)(4).) An affidavit in a summary judgment proceeding shall be made on personal knowledge and be based on particular facts, and shall not consist of

conclusions, but of facts admissible in evidence. (134 Ill. 2d R. 191(a).) Naiditch's unsupported assertions do not meet this standard. The statements are unsupported by specific facts. In determining whether factual issues exist for purposes of a summary judgment motion, the court must ignore personal conclusions, opinions and self-serving statements and consider only facts admissible in evidence. (*Certified Mechanical Contractors, Inc. v. Wight & Co.* (1987), 162 Ill. App. 3d 391, 515 N.E.2d 1047; *Jaffe v. Fogelson* (1985), 137 Ill. App. 3d 961, 485 N.E.2d 531.) To the extent that the claim of monopoly is a lay opinion intended to illustrate that there was only one yellow pages supplier in the market, it is unpersuasive on the issue of whether a material fact exists on the issue of disparate bargaining power. (See *Certified Mechanical Contractors, Inc. v. Wight & Co.*, 162 Ill. App. 3d at 402-03, 515 N.E.2d at 1054.) Furthermore, there are no additional affidavits or depositions introduced by defendant Krasny Supply Company to support its assertion of "monopoly."

■■ While defendant is not required to prove its case at the summary judgment stage, it bears the burden of presenting a factual basis which would at least arguably entitle it to judgment in its favor. *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 425 N.E.2d 1055.

We conclude that defendant has failed to produce facts tending to support its claim of unconscionability. It has failed to provide affidavits, depositions or other documents in the record which might show sufficient facts to withstand a motion for summary judgment.

■■ We hold that the trial court properly entered partial summary judgment in favor of plaintiff on the issue of whether the exculpatory clause barred the consequential damages sought by defendant in its counterclaim.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SCARIANO, P.J., and DiVITO, J., concur.