LACKEY AND LACKEY, P.C., Plaintiff and Counterdefendant-Appellee, v. JOHN PRIOR *et al.*, Defendants and Counterplaintiffs-Appellants.

Fifth District   No. 5—91—0478

Opinion filed May 8, 1992.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellants.

George C. Lackey, of Lackey & Lackey, P.C., of Centralia, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendants appeal from the court's order granting summary judgment in favor of the plaintiff. We affirm.

The law firm of Lackey & Lackey, P.C. (Lackey & Lackey), filed an action for attorney fees against the defendants John Prior and

I.S., Inc. Lackey & Lackey filed a motion for summary judgment, attaching an affidavit containing an itemized account of the services rendered to the defendants and the alleged fees owed. The defendants' amended answer admits that the defendants engaged the services of plaintiff and that plaintiff provided the services described in the complaint. Defendants filed a four-count counterclaim and an affidavit in opposition to the motion for summary judgment. Count I of defendants' fifth amended counterclaim asserted that Lackey & Lackey breached the fiduciary duty owed to the defendants in that the plaintiff represented the defendants in dealings wherein the plaintiff had a conflict of interest and did not disclose this fact to the defendants. Counts II, III, and IV allege that Lackey & Lackey were negligent in handling defendants' legal affairs. The defendants requested monetary damages and asked the court to declare that the defendants do not owe the plaintiff attorney fees because of the plaintiff's breach of fiduciary duty and attorney malpractice.

Defendants' affidavit in opposition to plaintiff's motion for summary judgment set forth allegations relating to the law firm's alleged conflict of interest in handling defendants' legal matters. Four paragraphs of defendants' affidavit concern allegations that the plaintiff had a conflict of interest at the time plaintiff represented the defendants and that the conflict worked to the defendants' detriment. The fifth paragraph of the affidavit asserts that "on information and belief the fees incurred are unreasonably high and the time spent overstated." Finally, defendants' affidavit asserted that precise information regarding attorney fees is not currently available because plaintiff had not yet responded to discovery.

The court granted the plaintiff's motion for summary judgment and defendants appealed. Count I of defendants' fifth amended counterclaim was subsequently dismissed with prejudice, and counts II, III, and IV were dismissed with leave to file an amended pleading. The trial court entered a Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) finding that there was no just reason for delaying enforcement or appeal of the trial court's order dismissing count I of the defendants' fifth amended counterclaim. No appeal was taken from that order.

■ Defendants' focus in this appeal is on their allegations that the plaintiff acted under a conflict of interest. Before reaching the merits of defendants' argument, plaintiff contends that we must first decide whether it is proper to consider count I of defendants' counterclaim and defendants' affidavit as they relate to the plaintiff's alleged breach of fiduciary duty. Plaintiff argues that because count I of

defendants' counterclaim was dismissed with prejudice and defendants did not appeal from the order of dismissal, this court may not consider the allegations of breach of fiduciary duty in assessing the order granting summary judgment. A motion for summary judgment should be granted only when "the pleadings, depositions, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); see also *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 586-87, 272 N.E.2d 497, 500.) Because the trial court did not dismiss count I of the counterclaim until after it granted summary judgment, we will consider the allegation of plaintiff's breach of fiduciary duty in determining whether the trial court erred in entering summary judgment.

Defendants argue that their counterclaim and affidavit in opposition to plaintiff's motion for summary judgment create a material issue of fact: whether plaintiff is entitled to recover legal fees from the defendants where, during the period these fees were incurred, plaintiff was involved in a conflict of interest to defendants' detriment. In determining the existence of a genuine issue of material fact, courts must consider the pleadings, depositions, admissions, exhibits, and affidavits on file in the case and must construe them strictly against the movant and liberally in favor of the opponent. (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398, 415 N.E.2d 397, 402.) Facts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 241, 489 N.E.2d 867, 871-72.) Contrary to defendants' assertion, neither the defendants' affidavit in opposition to the motion for summary judgment nor their counterclaim set out any facts denying or contradicting the facts alleged in plaintiff's complaint and supported by plaintiff's affidavit which accompanied its motion for summary judgment.

In particular, paragraph five of defendants' affidavit, which asserts that on "information and belief the fees incurred are unreasonably high," is insufficient to defeat a motion for summary judgment. Assertions based on an affiant's information and belief are insufficient to defeat a summary judgment. (134 Ill. 2d R. 191(a); *Jaffe v. Fogelson* (1985), 137 Ill. App. 3d 961, 485 N.E.2d 531.) Paragraph six of the affidavit, alleging that sufficient information is currently unavailable due to pending discovery, is likewise insufficient to defeat a motion for summary judgment. Allegations amounting to no more than

conclusions of fact are insufficient to create an issue of material fact. (*LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 703, 355 N.E.2d 70, 76.) Parenthetically, we note that on the same day that defendants filed their affidavit, defendants sought and obtained a continuance of the hearing on plaintiff's motion for summary judgment. The hearing on the motion for summary judgment originally scheduled for June 27, 1989, was not held until May 24, 1991. Although nearly two years elapsed from the date plaintiff's motion for summary judgment was filed until the time it was heard, the record does not reflect that defendants filed anything further in opposition to the plaintiff's motion for summary judgment.

The remaining four paragraphs of the defendants' affidavit assert that plaintiff proceeded with defendants' legal affairs while acting under a conflict of interest to the detriment of the defendants. Count I of defendants' counterclaim also alleges that plaintiff had a conflict of interest when it represented the defendants. Even if there existed a conflict of interest relating to the plaintiff's legal representation of the defendants, the defendants make no claim that the conflict of interest prevented plaintiff from performing the legal services plaintiff was engaged to perform. Defendants admit in their amended answer to the complaint that they engaged the plaintiff to perform legal services and that the plaintiff performed said services. No claim is made that the plaintiff breached its contract in providing the legal services for which it seeks payment.

After reviewing the record, including the pleadings and affidavits, we cannot find that the trial court in the instant case erred in granting summary judgment notwithstanding the pendency of the defendants' counterclaim for attorney malpractice.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

LEWIS, HENRY, and RARICK, JJ., concur.