No. 3-04-0828

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

| | | |
|---|---|---|
| RITEN H. SHETH, M.D., | ) | Appeal from the Circuit Court |
| | ) | of the Twelfth Judicial |
| Plaintiff-Appellant, | ) | Circuit, Will County |
| | ) | |
| v. | ) | No. 01-L-196 |
| | ) | |
| WARREN WUNDERLICH, M.D., | ) | Honorable |
| et al. | ) | Amy Bertani-Tomczak |
| | ) | Judge Presiding |
| Defendants-Appellees. | ) | |

_____

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, Dr. Riten Sheth, filed a complaint against defendants, Dr. Warren Wunderlich, Provena St. Joseph Medical Center, and 13 other doctors alleging that they summarily suspended his clinical privileges in violation of Provena's bylaws. The trial court awarded summary judgment in favor of defendants. We affirm.

Plaintiff is a physician certified in gastroenterology and internal medicine. In June of 1999, plaintiff began working at the OSF St. Joseph Medical Center (Provena). In August 2000, Dr. Wunderlich, as chairperson of the Provena Medicine Committee, requested that the Medicine Committee review three of plaintiff's cases. After reviewing the endoscopic care and treatment plaintiff provided to patients in those cases, the Medicine Committee

voted to summarily suspend plaintiff's clinical privileges.

On September 13, 2000, plaintiff appeared before a sub-committee of the Medical Executive Committee and defended himself. On September 19, 2000, the sub-committee voted to lift plaintiff's suspension. Plaintiff was reinstated to his prior position.

Plaintiff filed suit against Dr. Wunderlich, Provena and 13 members of the Medicine Committee alleging breach of contract, interference with economic advantage, civil conspiracy and violations of due process. Plaintiff alleged that the Medicine Committee failed to follow the medical staff's bylaws when it voted to summarily suspend him. By May 25, 2004, plaintiff's civil conspiracy claim had been dismissed with prejudice and plaintiff's due process claim had been dismissed as to all defendants except Wunderlich and Provena; six of the defendants had been dismissed from the litigation.

On May 26, 2004, the remaining defendants filed a motion for summary judgment supported by an affidavit executed by Dr. Wunderlich. In paragraphs one through five, Dr. Wunderlich stated that he believed Dr. Sheth should be summarily suspended because he posed a danger to his patients. In paragraphs six through eight Dr. Wunderlich stated that he did not summarily suspend Dr. Sheth himself because he did not know that he had the authority to do so. Finally, in paragraph nine, Dr. Wunderlich concluded: "If I had reviewed and followed the St. Joseph Bylaws in August, I would have summarily suspended Dr. Sheth, unilaterally, based on my review of his records, in particular, cases #21807854, #21842588, and #233137292."

Dr. Wunderlich's deposition testimony supported the assertions contained in his affidavit. Dr. Wunderlich testified that he was unfamiliar with the bylaws on August 30, 2000, and was unaware that as chairperson of the Medicine Committee, he could

2

unilaterally suspend Dr. Sheth. Dr. Wunderlich testified that he thought Dr. Sheth should have been summarily suspended on August 30, 2000.

The trial court granted summary judgment in favor of all defendants.

Summary judgment is proper where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, reveal that there is no issue as to any material fact and that the movant is entitled to judgment as a matter of law. Abrams v. City of Chicago, 211 Ill. 2d 251, 811 N.E.2d 670 (2004). Our review of an order granting summary judgment is de novo. Green v. International Insurance Co., 238 Ill. App. 3d 929, 934, 605 N.E.2d 1125, 1128 (1992).

Plaintiff argues that the trial court erred in granting defendants' motion for summary judgment because: (1) the affidavit of Dr. Wunderlich is insufficient to support summary judgment; and (2) there remain material factual disputes precluding summary judgment, including the proximate cause of plaintiff's injuries.

## 1. Wunderlich's Affidavit

Plaintiff argues that paragraph nine of Dr. Wunderlich's affidavit does not comply with Supreme Court Rule 191. Rule 191 provides in pertinent part: "Affidavits in support of and in opposition to a motion for summary judgment under Section 2-1005 of the Code of Civil Procedure *** shall not consist of conclusions but of facts admissible in evidence ***." 201 Ill. 2d R 191(a). Paragraph nine of the affidavit states that if Dr. Wunderlich had reviewed and followed Provena's bylaws, he would have summarily suspended Dr. Sheth. This statement is conclusory in nature and, thus, does not satisfy Supreme Court Rule 191.

## 2. Questions of Fact

3

Nevertheless, defendants contend that the trial court properly granted summary judgment because there is no genuine issue of material fact in this case, particularly with respect to the proximate cause of plaintiff's alleged injuries.

Proximate cause can be a question of law when there can be no reasonable differences in the inferences to be drawn from the undisputed facts. Board of Education of Indian Prairie School Dist No. 204 v. DuPage County Election Commission, 341 Ill. App. 3d 327, 333, 793 N.E.2d 954, 959-60 (2003). A defendant's conduct is a cause in fact of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury. First Springfield Bank & Trust v. Galman, 188 Ill. 2d 252, 258, 720 N.E.2d 1068, 1072 (1999). A defendant's conduct is a material element and a substantial factor in bringing about an injury if, absent that conduct, the injury would not have occurred. First Springfield, 188 Ill. 2d at 258, 720 N.E.2d at 1072 (1999). In this case, defendants' failure to follow the bylaws did not cause plaintiff's alleged injury. In paragraphs one through eight of Dr. Wunderlich's affidavit and in Dr. Wunderlich's deposition testimony, the following facts are undisputed: 1) Dr. Wunderlich reviewed three of Dr. Sheth's cases; (2) based on his review of those cases, Dr. Wunderlich believed that Dr. Sheth should be summarily suspended; (3) Dr. Wunderlich believed that Dr. Sheth posed a danger to his patients; (4) Dr. Wunderlich brought Dr. Sheth's cases before the Medicine Committee because he believed that only the Medicine Committee could summarily suspend Dr. Sheth; (5) Dr. Wunderlich was unaware that he could unilaterally suspend Dr. Sheth.

We can only draw one reasonable conclusion from these undisputed facts: Dr. Wunderlich's recommendation to the Medicine Committee to summarily suspend Dr. Sheth was tantamount to Dr. Wunderlich doing it himself. The Medicine Committee's failure to

4

follow the bylaws did not proximately cause Dr. Sheth's injuries. The trial court correctly concluded that plaintiff could not establish that defendants proximately caused plaintiff's injuries and properly granted summary judgment to defendants.

The order of the Circuit Court of Will County is affirmed.

Affirmed.

HOLDRIDGE, J., concurring and MCDADE, J., concurring in part/dissenting in part.

JUSTICE McDADE, concurring in part and dissenting in part:

_____

_____

The majority affirms an order of the circuit court of Will County awarding summary judgment in favor of all defendants, apparently including Dr. Warren Wunderlich, and against plaintiff Riten Sheth, M.D. based on their tacit agreement with an assertion made in Dr. Wunderlich's affidavit -- an assertion they have already found does not comply with Supreme Court Rule 191. I concur with the finding that paragraph 9 of Dr. Wunderlich's affidavit is conclusory in nature and does not satisfy rule 191. However, I dissent from the majority's second finding that Dr. Wunderlich's other assertions, in his affidavit and in his deposition testimony, conclusively show that none of the defendants is the proximate cause of any injuries sustained by Dr. Sheth.

Looking first at the affidavit, it consists of the following nine paragraphs:

5

"1.   I am an adult, of sound mind, and if called upon, I can testify to the following from my own personal knowledge.

2.   I was the Chair of the Medicine Committee at Provena St. Joseph Medical Center in August 2000.

3.   On or about that time, I reviewed the records of Dr. Riten Sheth, related to cases #21807854, #21842588, and #233137292.

4.   Based on my review of these records, and in particular, the above cases, I felt that summary suspension was an appropriate and needed disciplinary measure for Dr. Sheth.

5.   Based on my review of these records, and in particular, the above cases, I believed that Dr. Sheth posed a danger to his patients. I believed that failure to take prompt action may have resulted in immediate danger to the life, health or safety of his patients.

6.   However, at that time, I was unfamiliar with the St. Joseph Bylaws.

7.   Consequently, I was unaware that, as Chair of the Medicine Committee, I possessed the authority to summarily suspend Dr. Sheth unilaterally.

8.   I have since reviewed the St. Joseph Bylaws and am aware that, in August 2000, I possessed the authority to summarily suspend Dr. Sheth unilaterally.

9.   If I had reviewed and followed the St. Joseph Bylaws in August, I would have summarily suspended Dr. Sheth, unilaterally, based on my review of his records, in particular, cases #21807854, #21842588, and #233137292."

6

The majority has found, properly in my opinion, that paragraph 9 is conclusory in nature and does not satisfy rule 191. I also believe paragraphs 4 and 5 are not facts but self-serving conclusions as well. I therefore do not believe those statements can be deemed true or serve as a basis for summary judgment any more than could paragraph 9.

To the extent the majority relies on those paragraphs in reaching their conclusion that defendants could not be the proximate cause of plaintiff's asserted injuries (slip opinion, pages 4-5), I believe that reliance is misplaced. The court "must ignore personal conclusions, opinions, and self-serving statements and consider only facts admissible in evidence." *Parker v. House O'Lite Corp.,* 324 Ill. App. 3d 1014, 1030, 756 N.E.2d 28 (2001), citing *Vickers v. Abbott Laboratories,* 308 Ill. App. 3d 393, 407, 719 N.E.2d 1101 (1999), quoting *Reuben H. Donnelley Corp. v Krasny Supply Co.,* 227 Ill. App. 3d 414, 421, 592 N.E.2d 8 (1991).

But the majority also relies on Dr. Wunderlich's deposition testimony and concludes, in light of that testimony and the first eight paragraphs of his affidavit, that the following "facts" are "undisputed": "(1) Dr. Wunderlich reviewed three of Dr. Sheth's cases; (2) based on his review of those cases, Dr. Wunderlich *believed* that Dr. Sheth should be summarily suspended; (3) Dr. Wunderlich *believed* that Dr. Sheth posed a danger to his patients; (4) Dr. Wunderlich brought Dr. Sheth's cases before the Medicine Committee because he *believed* that only the Medicine Committee could summarily suspend Dr. Sheth; (5) Dr. Wunderlich *was unaware* that he could unilaterally suspend Dr. Sheth." (Emphases added.)

There is no way that plaintiff (or anyone else) could have effectively refuted Dr. Wunderlich's beliefs and denials of awareness. The truth and accuracy of such statements are significant issues of material fact that can only be assessed and accepted or rejected by the trier

7

of fact. That has not happened in this case. Both the trial court and the majority have usurped the jury's right to make that decision.

Having conferred "undisputed fact" status on Dr. Wunderlich's beliefs, the majority then says those facts can yield only one reasonable conclusion -- that his recommendation of summary suspension was tantamount to Dr. Wunderlich summarily suspending Dr. Sheth himself. Even assuming for the moment that we are dealing with undisputed facts, there is at least one other perfectly reasonable (and no less speculative) conclusion that can be drawn: caution and self interest could have urged him to have his beliefs tested by other persons with similar knowledge and like concerns and he still would have submitted the matter of Dr. Sheth to the committee. Given the subsequent vindication of Dr. Sheth when all of the facts were considered by committee, this course might have appealed to a prudent man.

It appears that the trial court based its decision on the affidavit of Dr. Wunderlich in which he asserted that he would have summarily suspended Dr. Sheth unilaterally had he known he had the authority to do so under the hospital's bylaws. Because of this averment of what he would have done had he known that he could, the court determined that the action of the medical committee in actually issuing the summary suspension could not have been the proximate cause of Dr. Sheth's alleged injuries. The majority bases its identical conclusion on a combination of the affidavit, *sans* paragraph 9, and Dr. Wunderlich's deposition testimony of his beliefs and awareness. In my opinion, not only is the reasoning of the trial court and the majority suspect and their determination of fact issues prohibited by statute and by case law, the decisions create and sustain an absurd result.

8

Ordinarily I do not like analogies, but in this case the argument is more easily articulated if we compare this situation to one where a person armed with accelerant and matches approaches a house intent on burning it down. He stumbles and falls, and before he can start the fire, sparks from a passing train ignite the house and the resulting fire destroys it. When the homeowner sues the railroad company for the loss of the house, the company defends by asserting that it cannot be the proximate cause of the loss of the house because, but for the happenstance of the sparks from the train, the arsonist would have destroyed the house. Nor can the potential arsonist be the proximate cause because he only wanted to burn the house – he did not do it.

Quite simply, neither the trial court nor the majority has any legal basis for the award of summary judgment in favor of defendants. The substance of defendants' argument is that, because Dr. Wunderlich had the authority to summarily suspend Dr. Sheth but was unaware he had that authority and did not exercise it, the members of the Medical Committee – who <u>did</u> suspend Dr. Sheth and by that action actually caused whatever injury and damages he can prove – were nonetheless not the proximate cause of his injury. I can find no merit in that argument. To credit it would be to hold that neither the persons who took the challenged action nor the person who had the authority but did not act can be the proximate cause of any resultant injuries sustained by plaintiff.

Finally, proximate cause is, itself, an issue of fact which, in the presence of material factual disputes, must be determined by the trier of fact. *Adams v. Northern Illinois Gas Co.,* 211 Ill. 2d 32, 44, 809 N.E.2d 1248, 1257 (2004); *Bajwa v. Metropolitan Life Insurance Co.,* 208 Ill. 2d 414, 804 N.E.2d 519 (2004). Because neither the affidavit of Dr. Wunderlich nor

9

his deposition testimony eliminates the material factual dispute concerning causation and makes the resolution of that issue so clear that the trial court could determine it as a matter of law, we should find that there remain multiple material factual issues, including proximate cause, that preclude summary judgment in this case.

I believe this case should be reversed and remanded, and I therefore dissent.