# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Reyes v. Menard, Inc.*, 2012 IL App (1st) 112555

| | |
|---|---|
| Appellate Court Caption | GLORIA REYES, Plaintiff-Appellant, v. MENARD, INC., d/b/a Menards, Defendant-Appellee. |
| District & No. | First District, Sixth Division <br> Docket No. 1-11-2555 |
| Filed | November 21, 2012 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order granting defendant's motion to bar plaintiff from rejecting the arbitration award entered for defendant in plaintiff's action arising from her fall in defendant's store was reversed and her motion to reject the award was granted, since the court's finding that she acted in bad faith was an abuse of discretion, even though she was tardy in submitting discovery and did not attempt to vacate the barring sanction, especially when the arbitration hearing was two months after her discovery was given to defendant, plaintiff did not demonstrate disrespect or disregard for the process or the trial court's orders, and the "last resort" barring sanction was too harsh under the circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2010 M1-302198; the Hon. James E. Snyder, Judge, presiding. |
| Judgment | Reversed and remanded for further proceedings. |

Counsel on
Appeal

Elizabeth C. Ryan, of Law Offices of Frank Olavarria, of Chicago, for appellant.

Martha J. Heiberger, of Lewis Brisbois Bisgaard & Smith, of Chicago, for appellee.

Panel

JUSTICE R. GORDON delivered the judgment of the court, with opinion.
Presiding Justice Lampkin concurred in the judgment and opinion.
Justice Garcia specially concurred, with opinion.

**OPINION**

¶ 1      Plaintiff Gloria Reyes appeals the trial court's order granting defendant's motion to bar plaintiff's rejection of an arbitration award for defendant and the self-executing order that entered a sanction automatically barring plaintiff from testifying and presenting evidence if the order was not complied with on a date certain.

¶ 2      On this appeal, plaintiff argues that the trial court abused its discretion in barring her rejection of the arbitration award. The trial court granted defendant's "Motion to Bar Rejection of Arbitration Award and Enter Judgment on Award," claiming that plaintiff's conduct supported a bad-faith finding under Illinois Supreme Court Rule 91(b) (eff. June 1, 1993). Plaintiff argues her one-week tardiness in submitting written discovery did not prejudice or surprise defendant, since (1) the arbitration hearing took place two months after answers to written discovery, depositions, and her Illinois Supreme Court Rule 90(c) (eff. July 1, 2008) evidentiary package were given to defendant, and (2) the arbitrators made a finding that plaintiff participated in the hearing in good faith and in a meaningful manner. In addition, plaintiff, her translator[1], and her attorney attended the arbitration proceedings claiming that they expected to put on evidence. For the following reasons, we reverse the barring of the arbitration award and grant plaintiff's motion to reject the award.

¶ 3                            BACKGROUND

¶ 4      On August 19, 2010, plaintiff filed a complaint alleging that she sustained injuries when she tripped and fell on August 19, 2008, at a Menards store located at 2601 N. Clybourn Avenue in Chicago and that defendant Menards was negligent. After being served with process, defendant appeared, answered, and propounded written discovery and a notice to take a discovery deposition of plaintiff. The trial court set a discovery closure date of

---

[1]Plaintiff needed a translator as Spanish was her primary language.

February 11, 2011.

¶ 5   Defendant then brought a motion to compel outstanding discovery. On February 10, 2011, the trial court ordered plaintiff: (1) to answer all written discovery by February 24, 2011, and (2) to present plaintiff Gloria Reyes for a deposition by March 24, 2011. The order was self-executing, and it stated that: "[f]ailure to comply with the *specific* terms of this order *will* result in the plaintiff being barred from testifying *and* presenting evidence at the arbitration and/or trial of this matter. The above stated sanction shall remain in effect until removed *by Order of Court* upon motion by the party against whom the sanction applies." (Emphasis in original.)

¶ 6   On February 10, 2011, plaintiff propounded written discovery to defendant. On the defendant's motion, the trial court struck as untimely: (1) plaintiff's propounded interrogatories, (2) plaintiff's request to produce, and (3) plaintiff's Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2007) interrogatories. However, the trial court did not strike plaintiff's notice to produce pursuant to Illinois Supreme Court Rule 237 (eff. Jan. 1, 1996). In compliance with the February 10 court order, defendant provided a response to plaintiff's Illinois Supreme Court Rule 237 notice to produce at the commencement of the arbitration.

¶ 7   On March 3, 2011, plaintiff filed her answers to written interrogatories, and a response to defendant's production request one week late and without first obtaining leave of court. Although plaintiff's written discovery was late, her deposition proceeded as scheduled and without objection from defendant on March 21, 2011. The deposition occurred within the schedule required by the February 10, 2011, discovery order. The next day, March 22, 2011, plaintiff timely sent her Supreme Court Rule 90(c) evidentiary package to defendant's attorney. Ill. S. Ct. R. 90(c) (eff. July 1, 2008).

¶ 8   On May 2, 2011, plaintiff, her interpreter, and attorney were all present at the mandatory arbitration hearing. Plaintiff expected to testify and brought an interpreter since she speaks primarily Spanish. Prior to the commencement of the arbitration, defendant's attorney asked the two-person arbitration panel to bar plaintiff from testifying, arguing that the February 10, 2011, self-executing order barred plaintiff's testimony since plaintiff had filed her answers to written discovery one week after the order's deadline. Plaintiff argued that: the barring order had been cured because all discovery was filed as soon as possible, and defendant was not prejudiced or surprised because the late written discovery was still completed two months prior to the arbitration hearing; and third, defendant did not notify plaintiff that it intended to move to bar plaintiff's testimony and evidence.

¶ 9   The arbitration panel barred plaintiff from testifying and from offering any evidence at the arbitration hearing. At the hearing, defendant's counsel and a witness for defendant testified, and defendant presented a Supreme Court Rule 90(c) submission. The arbitrators then entered an award in favor of defendant Menard, Inc., and against plaintiff, and awarded court costs of $433 against plaintiff. The award included a finding that both parties participated in the hearing in good faith and in a meaningful manner.

¶ 10   On May 20, 2011, the parties presented opposing motions in the trial court. Plaintiff moved to vacate the February 10, 2011, barring order and to vacate the arbitration award. Defendant moved to bar plaintiff from rejecting the arbitration award under the bad-faith

participation provision of Illinois Supreme Court Rule 91(b) (eff. June 1, 1993). Supreme Court Rule 91(b) permits a trial court to bar an arbitration participant from rejecting an award if the participant failed to participate in good faith. The trial court heard arguments and granted defendant's motion to bar plaintiff from rejecting the arbitration award and denied plaintiff's motion to reject the award. The trial court found that defendant's motion to bar was appropriate because plaintiff did not "have the barring order vacated and that the arbitration proceeded with the barring order in effect as a result thereof." The trial court then entered judgment on the arbitration award in favor of defendant.

¶ 11    On June 17, 2011, plaintiff filed a motion to reconsider, and on August 9, 2011, the trial court heard arguments and denied plaintiff's motion, finding:

> "[I]n light of the arguments made and the facts as I understand them, I'm happy to reconsider the matter non reconsideration [*sic*] based on the plaintiff's argument that they made an affirmative decision not to seek to have the barring order lifted. That was done as a matter of choice, not inadvertence or anything like that. The motion to reconsider is denied and *** the judgment on the award to stand."

On September 6, 2011, plaintiff filed a timely notice of appeal, and this appeal followed.

¶ 12                                    ANALYSIS

¶ 13                              I. Standard of Review

¶ 14    A trial court's decision barring a party from rejecting an arbitration award is subject to an abuse of discretion standard of review. *Campuzano v. Peritz*, 376 Ill. App. 3d 485, 487 (2007) (citing *Zietara v. DaimlerChrysler Corp.*, 361 Ill. App. 3d 819, 822 (2005)). An abuse of discretion occurs where the trial court's decision is arbitrary or exceeds the bounds of reason. *Nationwide Mutual Insurance Co. v. Kogut*, 354 Ill. App. 3d 1, 4 (2004). To warrant such deference, the sanction decision must be factually and legally informed and reasoned. *Cirrincione v. Westminster Gardens Ltd. Partnership*, 352 Ill. App. 3d 755, 761 (2004). To the extent that our decision turns on the interpretation of Supreme Court Rule 91(b), we apply a *de novo* review to the interpretation. *Zietara*, 361 Ill. App. 3d at 822. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 15                            II. Supreme Court Rule 91(b)

¶ 16    Parties to a mandatory arbitration have a presumptive right to reject an arbitration award unless they are subject to sanctions barring rejection. *Anderson v. Pineda*, 354 Ill. App. 3d 85, 87 (2004). Supreme Court Rule 91(b) allows a trial court to bar a party from rejecting an award if the party failed to participate in good faith and in a meaningful manner. The text of the rule provides:

> "(b) Good-Faith Participation. All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on

the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." Ill. S. Ct. R. 91(b) (eff. June 1, 1993).

¶ 17 To interpret this rule, we must "ascertain and give effect to the true intent" of its drafters. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). The best evidence of intent is the language used in the rule itself, which must be given its plain and ordinary meaning. *Paris*, 179 Ill. 2d at 177. In reviewing the issue of barring rejection of an arbitration award, we have previously examined the drafters' intent in adopting Rule 91(b). In *Nationwide Mutual Insurance Co.*, 354 Ill. App. 3d at 5-6, we previously found:

"Rule 91(b) was adopted in 1993 in response to complaints by arbitrators that parties were attending the arbitration hearings but *refusing* to participate. 145 Ill. 2d R. 91(b), Committee Comments, at 1xix. The drafters sought to eliminate the perception of arbitration 'as just another hurdle to be crossed in getting the case to trial.' 145 Ill. 2d R. 91(b), Committee Comments, at 1xx. The express purpose of Rule 91(b) was to 'prevent the abuse of the arbitration process and to uphold the integrity of the arbitration process.' *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1033, 702 N.E.2d 254 (1998), citing 145 Ill. 2d R. 91(b), Committee Comments, at 1xx. The drafters' concern was with parties' intentional disregard for the arbitration process. See *Crouch v. First National Bank of Chicago*, 156 Ill. 342, 357, 40 N.E. 974 (1895) (defining 'good faith' as involving an element of intent); *McConnel v. Street*, 17 Ill. 253, 254 (1855) (defining 'good faith' as the opposite of bad faith or fraud)."

¶ 18 A finding by the arbitrators that a party has acted in good faith does not always foreclose sanctions if the court can point to other intentional bad-faith actions. *Campuzano*, 376 Ill. App. 3d at 487; *Lopez v. Miller*, 363 Ill. App. 3d 773 (2006); *Anderson*, 354 Ill. App. 3d at 89. "The trial court may make its own bad-faith finding even where none is made by the arbitration panel." *Glover v. Barbosa*, 344 Ill. App. 3d 58, 63, (2003). An arbitration panel's finding is *prima facie* evidence and may be refuted. *Glover*, 344 Ill. App. 3d at 63 (quoting *Hill v. Joseph Behr & Sons, Inc.*, 293 Ill. App. 3d 814, 817 (1997)).

¶ 19 In considering whether an order barring rejection is an appropriate exercise of the trial court's discretion, the reviewing court must decide whether the offending party intentionally disregarded the arbitration process. *United Automobile Insurance Co. v. Buckley*, 2011 IL App (1st) 103666, ¶ 44. The relevant standard is whether the offending "conduct amounted to a deliberate and pronounced disregard for the rules and the court." *Nationwide Mutual Insurance Co. v. Kogut*, 354 Ill. App. 3d 1, 4-5 (2004).

¶ 20                         III. Discovery Sanction

¶ 21                  A. A Trial Court's Discretion to Impose Sanctions

¶ 22 The imposition of sanctions against a party for noncompliance with discovery rules is a

matter within the broad discretion of the trial court. *Cyclonaire Corp. v. ISG Riverdale, Inc.*, 378 Ill. App. 3d 554, 562 (2007) (quoting *Gausselin v. Commonwealth Edison Co.*, 260 Ill. App. 3d 1068, 1081 (1994)). It is a needed tool for the trial court for case management. We will not disturb the trial court's exercise of its discretion unless an abuse is apparent. *Cyclonaire Corp.*, 378 Ill. App. 3d at 562. When a trial court determines whether noncompliance with discovery rules was unreasonable, it must consider whether the offending party's conduct is a deliberate and pronounced disregard both for the discovery rules and for the court. *Cyclonaire Corp.*, 378 Ill. App. 3d at 562.

¶ 23                           B. Available Discovery Sanctions

¶ 24     A party's failure to comply with discovery rules supports an array of sanctions at the discretion of the trial court. Ill. Sup. Ct. R. 219 (eff. July 1, 2002). Illinois Supreme Court Rule 219(c) provides in relevant part:

> "(c) Failure to Comply with Order or Rules. If a party *** unreasonably fails to comply with any provision of part E of article II of the rules of this court (Discovery, Requests for Admission, and Pretrial Procedure) or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
>
> (i) That further proceedings be stayed until the order or rule is complied with;
>
> (ii) That the offending party be debarred from filing any other pleading relating to any issue to which the refusal or failure relates;
>
> (iii) That the offending party be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense relating to that issue;
>
> (iv) That a witness be barred from testifying concerning that issue
>
>                                     * * *
>
> In lieu of or in addition to the foregoing, the court, upon motion or upon its own initiative, may impose upon the offending party or his or her attorney, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred as a result of the misconduct, including a reasonable attorney fee, and when the misconduct is wilful, a monetary penalty. " Ill. S. Ct. R. 219 (eff. July 1, 2002).

¶ 25                    C. Selecting the Appropriate Discovery Sanction

¶ 26     Sanctions have an important function in propelling litigation forward and in promoting "the unimpeded flow of litigation." *Harris v. Harris*, 196 Ill. App. 3d 815, 820-21 (1990). The goal of Rule 219(c) sanctions is not merely to punish, but to ensure that discovery is handled efficiently. *Jaffe v. Fogelson*, 137 Ill. App. 3d 961, 964-65 (1985). Discovery sanctions must necessarily correspond with the circumstances of the case. *Jaffe*, 137 Ill. App. 3d at 964-65. The trial court should impose drastic sanctions only where a party demonstrates "deliberate, contumacious or unwarranted disregard of the court's authority." (Internal

quotation marks omitted.) *Perry v. Minor*, 319 Ill. App. 3d 703, 711 (2001).

¶ 27    A trial court's determination of what sanction, if any, applies to a discovery violation is based on six factors set forth by the Illinois Supreme Court in *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 124 (1998). No single factor is dispositive. The six factors are: (1) the surprise to the adverse party; (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence. *Shimanovsky*, 181 Ill. 2d at 124. In balancing these factors, the trial judge should weigh "the parties' rights to maintain a lawsuit against the necessity to accomplish the objectives of discovery and promote the unimpeded flow of litigation." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68 (1995).

¶ 28    In light of the six factors which our supreme court requires a trial court to consider, self-executing orders should be considered carefully. By issuing a self-executing sanction before a discovery violation occurs, the trial court cannot apply the factors to a discovery violation that has not yet occurred. The sanction applied remains the same whether the conduct is egregious or minor. Self-executing sanctions are inflexible, yet on the other hand, a party can move the court and request appropriate relief.

¶ 29                    D. Applying the Required Factors to the Case at Bar

¶ 30    In the case at bar, the Rule 219(c) discovery order barred not only plaintiff's testimony, but any evidence she could have offered at the arbitration hearing. Rule 219(c) does not provide the trial court with the statutory authority to bar a party from presenting testimony other than the plaintiff's, although plaintiff can "be debarred from maintaining any particular claim." Ill. S. Ct. R. 219(c)(iii). When plaintiff was later barred from rejecting the arbitration award, the Rule 219(c) order was tantamount to a dismissal of plaintiff's case. A sanction that prevents a case from being decided on the merits should be a last resort by a trial court. *Jaffe*, 137 Ill. App. 3d at 964-65.

¶ 31    In considering the six factors, we first consider (1) the surprise to the adverse party and (2) the prejudicial effect of the proffered testimony or evidence. Defendant had received the written answers to its interrogatories and the responses to its notice to produce for over five weeks prior to the arbitration proceeding. In addition, the discovery deposition of plaintiff was taken within the scheduled time and defendant was well aware of plaintiff's testimony and evidence and had more than ample time to prepare its defense for arbitration. Thus, there was no surprise to defendant or prejudicial effect of the proffered testimony or evidence. We then consider (3) the nature of the testimony or evidence when imposing the sanction. This is a straightforward slip and fall case without expert testimony. Plaintiff's only witness was plaintiff. When plaintiff's discovery deposition was taken, the defense had all that it needed to know concerning the nature of the case and the extent of the injuries. Once defendant received the Rule 90(c) evidentiary material, the entire case was disclosed to defendant. We next consider whether (4) defendant was diligent in seeking the discovery and (5) the timeliness of the adverse party's objection to the testimony or evidence, which is not

-7-

applicable because the self-executing order imposed the sanction when plaintiff filed her written response to defendant's interrogatories late. Defendant claims that it was diligent in seeking discovery and the record supports its claim. Lastly, we consider (6) the good faith of the party offering the testimony or evidence. This is not a factor that this court can determine. The trial court considered this factor in denying plaintiff's motion for reconsideration. The trial court found, based on plaintiff's argument, that she made an affirmative decision not to seek to have the barring order lifted. Lawyers must be responsible for their conduct and their actions. Inexperienced lawyers may not understand the impact of a self-executing barring order and their obligations to their clients, opposing counsel and the court. Notwithstanding, plaintiff's attorney's failure in not seeking to have the barring order lifted, the majority of the other factors indicate that barring plaintiff from testifying or putting on evidence is too severe of a sanction and is an abuse of the trial court's discretion.

¶ 32    Plaintiff filed written discovery only one week late without leave of court. We cannot condone plaintiff's attorney's conduct. Nevertheless, plaintiff completed all written discovery and depositions over five weeks prior to the arbitration hearing, and plaintiff ultimately complied with all of defendant's discovery requests.

¶ 33    Plaintiff's attorney claims on the other hand that since she completed discovery and forwarded defendant a Rule 90(c) evidentiary package, she thought she complied with the law. She is mistaken. Plaintiff claims that she was taken by surprise when defendant objected to plaintiff's testimony at the arbitration proceeding. However, it was the duty and responsibility of plaintiff's lawyer to have moved the trial court for leave to file the answers to the interrogatories at the time that they were filed. Plaintiff's claim of surprise is irresponsible and an attempt to shift the blame for her carelessness to the opposition.

¶ 34    We recognized the potential for future harm in barring orders when we reversed a trial court that had barred a key witness from testifying at trial. *Perry*, 319 Ill. App. 3d at 713. The trial court had barred the witness because a litigant had failed to timely respond to interrogatories and did not offer a reason. *Perry*, 319 Ill. App. 3d at 713. We reversed, because banning testimony that "raise[d] crucial factual issues in the case" was disproportionately severe. *Perry*, 319 Ill. App. 3d at 713. We suggested that "the trial court could have imposed a less severe sanction, such as assessing attorney fees and costs." *Perry*, 319 Ill. App. 3d at 713. We make the same suggestions here.

¶ 35                    IV. Applying Rule 91(b) to the Case at Bar

¶ 36    Plaintiff arguably made two missteps in this litigation: (1) she filed answers to defendant's interrogatories a week late without first obtaining leave of court, and (2) she did not attempt to vacate the barring sanction before the arbitration hearing.

¶ 37    Defendant cites to our First District opinions in *Anderson*, 354 Ill. App. 3d at 89, *Glover*, 344 Ill. App. 3d at 62, and *Lopez*, 363 Ill. App. 3d at 779, for the proposition that since the sanction prevents a litigant from participating in the arbitration hearing in a meaningful manner, the failure to rectify the sanction before the hearing results in an automatic debarment. However, litigants in these previous Rule 91(b) cases all had outstanding discovery that was not completed at the time of the arbitration, which supported the trial

courts' decisions to find bad-faith participation. *Coleman v. Akpakpan*, 402 Ill. App. 3d 822, 827 (2010) (defendant's repeated discovery issues, as well as its failure to vacate, modify, or comply with discovery sanctions, supported debarment).

¶ 38    For example, defendants in *Anderson* never responded to the plaintiff's request for documents, and their answers to the plaintiff's interrogatories remained unsigned for months before the arbitration. *Anderson*, 354 Ill. App. 3d at 86. The offending litigants in *Anderson* were subsequently barred from testifying at their arbitration hearing. *Anderson*, 354 Ill. App. 3d at 86. Defendants neither changed the barring order nor complied with the discovery order before the arbitration hearing. *Anderson*, 354 Ill. App. 3d at 89. The defendants in *Anderson* argued that because they admitted negligence, they did not need to testify at the hearing, so they did not need to remove the barring order. *Anderson*, 354 Ill. App. 3d at 87. When the trial court debarred defendants under Rule 91(b), it found:

> "a. The Defendants have failed to participate in the arbitration process in a good faith manner, namely repeat failures to comply with discovery; and
>
> b. The Defendants have failed to explain the failures by way of affidavit and/or response to plaintiff's motion." *Anderson*, 354 Ill. App. 3d at 87.

¶ 39    On appeal, we found in *Anderson* that the trial court had not abused its discretion. *Anderson*, 354 Ill. App. 3d at 89. We held that "the fact that a litigant who fails to modify, vacate, *or comply with* sanctions imposed due to a discovery violation that occurs outside of the arbitration hearing may be incapable of participating in the arbitration in a meaningful manner." (Emphasis added.) *Anderson*, 354 Ill. App. 3d at 89. We reasoned that the party had brought the situation upon itself, because the "[d]efendants had almost two months to *comply with discovery* or to attempt to vacate or modify the August 12 order. Defendants chose not to act." (Emphasis added.) *Anderson*, 354 Ill. App. 3d at 89.

¶ 40    *Glover* presented us with a situation analogous to *Anderson* and the result was the same. In *Glover*, a litigant disregarded an order to submit to discovery and was subsequently barred from testifying or from offering evidence. *Glover*, 344 Ill. App. 3d at 60. The litigant failed to respond, and participated minimally in arbitration, and finally attempted to shed an unfavorable arbitration award. *Glover*, 344 Ill. App. 3d at 62. The defendant in *Glover* initially failed to comply with written discovery, and then, when compelled by the trial court, it filed unsigned, unverified, and incomplete interrogatories. *Glover*, 344 Ill. App. 3d at 61. The trial court granted a motion to strike the deficient interrogatories and barred defendant from testifying and offering evidence at trial or arbitration. *Glover*, 344 Ill. App. 3d at 61-62. Six months elapsed between that order and the arbitration hearing, without the defendant supplying any additional discovery or removing the barring order. *Glover*, 344 Ill. App. 3d at 61-62. At the arbitration hearing, the defendant made opening and closing statements and cross-examined the plaintiff's witnesses, but did not testify because of the barring order. The arbitrators in *Glover* made neither a good-faith nor bad-faith finding about the defendant. *Glover*, 344 Ill. App. 3d at 63. However, the trial court made its own bad-faith finding, which we found was within its discretion, because, "[d]efendant's conduct demonstrated a continuous and deliberate disregard both for the trial court's authority and the mandatory arbitration process." *Glover*, 344 Ill. App. 3d at 63. Rejection of an unfavorable award after

participating minimally in the arbitration process, including prearbitration discovery, "subverts the mandatory arbitration system." *Glover*, 344 Ill. App. 3d at 62.

¶ 41    Similarly, in *Lopez*, we affirmed sanctions against a litigant who evaded discovery by never appearing for or rescheduling depositions. "Defendant's failure to rectify his deficient discovery participation during the four months between the trial court's sanction order and the arbitration hearing resulted in his debarment of rejecting the arbitration award." *Lopez*, 363 Ill. App. 3d at 779.

¶ 42    By contrast to *Anderson*, *Glover*, and *Lopez*, plaintiff in the case at bar completed all written discovery and depositions required by the trial court's February 10, 2011, order. Unlike the deficient litigants in *Anderson*, *Glover*, and *Lopez*, who neither complied with discovery nor removed barring sanctions before arbitration, plaintiff completed discovery but was prevented from testifying at her arbitration hearing pursuant to an earlier self-executing order that was triggered when plaintiff answered interrogatories one week late without leave of court. In *Anderson*, *Glover*, and *Lopez*, the barring sanctions took effect *after* discovery deficiencies. By contrast, in our case, the discovery was complete.

¶ 43    Defendant in the case before us also cites *Campuzano*, 376 Ill. App. 3d at 487, for its history of case law upholding the sanction of barring a party from rejecting an arbitration award when a discovery sanction is in effect. Defendant argues that when we wrote that discovery violations directly impacted the arbitration hearing due to a barring order entered for discovery sanctions (*Lopez*, 363 Ill. App. 3d at 776) we foreclosed any litigant against whom a barring order was in effect from rejecting her arbitration award on the theory that failure to testify would become a *de facto* failure to participate in a meaningful manner. However, the holdings in *Lopez* and *Campuzano* also rest on the impact of each litigant's failure to present himself for depositions ordered by the trial court and failing to correct the trial court's sanctions. As defendant correctly observes in its briefs, we have interpreted Supreme Court Rule 91(b) to take a holistic approach to furthering the policy objectives of arbitration, and we consider prearbitration discovery deficiencies to influence a finding of bad faith. *Contra Amro v. Bellamy*, 337 Ill. App. 3d 369, 372 (2003) (standing alone) (reasoning that Rule 91(b) specifically governs good-faith participation only within the arbitration hearing, not the entire arbitration process).

¶ 44    Although the *Campuzano* barring order did not prejudice the opposing litigant in the arbitration hearing, we held that "fail[ing] to comply with prearbitration discovery" was nonetheless a lack of respect for discovery. *Campuzano*, 376 Ill. App. 3d at 489. We reasoned that Supreme Court Rule 91(b) supported barring a party from rejecting an arbitration award because the rule was "intended to curtail" the "precise evil" of a party's lack of respect for discovery. *Campuzano*, 376 Ill. App. 3d at 489-90. The litigants in *Campuzano*, like the litigant in *Lopez*, did not present themselves for depositions, and like the party in *Anderson*, argued that they had admitted negligence and thus their failure to comply with discovery requests did not affect the actual outcome of the arbitration hearing. *Campuzano*, 376 Ill. App. 3d at 487.

¶ 45    In all the cases cited by defendant, the parties were plagued with discovery issues and did not bother to remove barring orders as part of a litigation strategy that treated arbitration as

merely a hurdle they had to pass on the way to trial. We have consistently held that a debarred litigant must have a "deliberate, contumacious or unwarranted disregard for the court's authority or the arbitration process." (Internal quotation marks omitted.) *Nationwide Mutual Insurance Co.*, 354 Ill. App. 3d at 8. We have upheld bad-faith findings repeatedly when a litigant demonstrated "defiance," "disrespect" and "blatant disregard" for the discovery process and barring orders by the trial court. *Anderson*, 354 Ill. App. 3d at 90 (reasoning that "defendants deliberately and blatantly disregarded the order to submit to discovery"); *Glover*, 344 Ill. App. 3d at 62 (finding that litigant "engaged in minimal participation" and "subvert[ed] the mandatory arbitration system"); *Lopez*, 363 Ill. App. 3d at 776 (noting that litigant "fail[ed] to rectify his deficient discovery participation"). However, inept preparation, which involved filing of answers to interrogatories late by a week and failure to obtain leave of the court for their late filing, as we have in the case at bar, does not constitute a failure to participate in good faith and a meaningful manner. *Nationwide Mutual Insurance Co.*, 354 Ill. App. 3d at 5.

¶ 46 The Third District has drawn an analogy between barring rejection of an unfavorable arbitration award and dismissal of a case. *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 50-51 (1999). We agree with its reasoning. "The sanctions of dismissal of a plaintiff's action or entry of a judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation." *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc.*, 307 Ill. App. 3d at 51 (citing *Kubian v. Labinsky*, 178 Ill. App. 3d 191, 127 (1988)).

¶ 47 The facts here do not support the trial court's finding of a bad-faith and "last resort" sanction under Supreme Court Rule 91. Plaintiff's attorney's sole discovery violation, which was to file written discovery one week late without leave of court, cannot be compared to "defiance," "minimal participation" in, or "blatant disregard" for the discovery and arbitration process.

¶ 48 The arbitrators' finding of good faith is *prima facie* evidence supporting the conclusion that plaintiff participated in good faith and in a meaningful manner. Plaintiff's attorney admitted that she believed that "curing" the discovery violation–completing all written discovery and depositions–was sufficient to escape the barring sanction at the arbitration hearing, so she did not remove the February 10, 2011, discovery order. Her belief was an irresponsible mistake of law, not a repeated showing of defiance. Other than missing a single discovery deadline, plaintiff indicated no hesitation in subjecting the case to the type of adversarial testing expected at trial. *Anderson*, 338 Ill. App. 3d at 89.

¶ 49 From the record of this case, it appears that the trial court was well versed on the law, but was troubled by plaintiff's argument that she made an affirmative decision not to seek to have the barring order vacated. We also are troubled by such conduct and cannot condone such thoughtlessness, but believe such conduct is based on either a mistake or inexperience, not arrogance or a disregard for the law and court process. We find that barring the rejection of the award under the factual circumstances of this case was too harsh of a sanction and an abuse of the trial court's discretion, but agree that plaintiff's attorney must be sanctioned for her conduct in this case.

-11-

¶ 50                              CONCLUSION

¶ 51        The trial court abused its discretion when it found that plaintiff acted in bad faith and consequently barred plaintiff from rejecting the arbitration award. We reverse the barring of the arbitration award and grant plaintiff's motion to reject the award.

¶ 52        Reversed and remanded for further proceedings.

¶ 53        JUSTICE GARCIA, specially concurring.

¶ 54        I agree with the majority that the circuit court judge abused his discretion when he barred the plaintiff from rejecting the arbitration award based on a sanction that automatically flowed from the plaintiff's failure to fully abide with the deadlines set out in the circuit court's discovery order entered long before the arbitration hearing was held. I write separately because the discovery order, upon which the court hinged its decision to bar the plaintiff from testifying and presenting evidence at the arbitration hearing and then from rejecting the award, not surprisingly entered in favor of the defendant, was erroneous from its inception as contrary to supreme court rules that govern mandatory arbitration. I agree with the majority that "[b]y issuing a self-executing sanction before a discovery violation occurs, the trial court cannot apply the factors to a discovery violation that has not yet occurred." *Supra* ¶ 28. But, I can think of no exception to the majority's pointed observation that permits a trial judge to exercise of his discretion by entering a self-executing order of the nature we have before us, which effectively renders the arbitration proceedings legally pointless. See *Campuzano v. Peritz*, 376 Ill. App. 3d 485, 487 (2007) (where a court's decision to bar a party from rejecting an arbitration award "turns solely on a question of law, *de novo* review will apply"). The appropriateness of a self-executing discovery order in the context of a mandatory arbitration case should be confronted squarely as a question of law because such blanket orders conflict with the goal of having the "parties to the arbitration hearing *** participate in the hearing in good faith and in a meaningful manner." Ill. S. Ct. R. 91(b) (eff. June 1, 1993).

¶ 55        The trial judge entered what is commonly known in cases subject to mandatory arbitration in the circuit court of Cook County as a "self-executing" order. Invariably, the sanction in such orders is like the sanction imposed under the order at issue here: "Failure to comply with the *specific* terms of this order *will* result in the plaintiff being barred from testifying *and* presenting evidence at the arbitration hearing and/or trial of this matter." (Emphases in original.) The specific terms of the order directed the plaintiff to file her answers to interrogatories by a certain date; she filed the answers one week late, without leave of court. She complied with all other deadlines regarding discovery in the order. At the arbitration hearing, the parties agreed to proceed before only two arbitrators. It is uncontested that the plaintiff fully abided by the supreme court rules governing mandatory arbitration. She timely submitted the evidentiary packet for consideration at the arbitration hearing under Rule 90(c). Ill. S. Ct. R. 90(c) (eff. July 1, 2008). The plaintiff appeared at the arbitration hearing with a Spanish interpreter ready to give testimony in support of her claim. The panel, being bound by the precise terms of the circuit court's self-executing order, barred the

-12-

plaintiff from testifying and presenting evidence. Nevertheless, the panel expressly found in its award that the plaintiff participated in good faith during the proceedings.

¶ 56    While I agree with the majority that the circuit court judge abused his discretion in the instant case, I would go further and rule that self-executing discovery orders in cases such as here are contrary to supreme court rules governing mandatory arbitration, as earlier decisions of this court have plainly suggested. See *Webber v. Bednarczyk*, 287 Ill. App. 3d 458, 463 (1997) (Rule 91(b) "only concerns itself with what occurs during a hearing"); *Knight v. Guzman*, 291 Ill. App. 3d 378, 381 (1997) ("What a party does outside the hearing with regard to rejection of the award is beyond the scope of Rule 91 sanctions."); *Easter Seal Rehabilitation Center for Will-Grundy Counties, Inc. v. Current Development Corp.*, 307 Ill. App. 3d 48, 50 (1999) (a finding of " 'bad faith' is appropriate only as a sanction for a party's conduct *at hearing*" (emphasis in original)); *Amro v. Bellamy*, 337 Ill. App. 3d 369, 372 (2003) (trial court abused its discretion in debarring defendant from rejecting arbitration award as a " '*sanction[ ] for failure to comply with discovery*' " where he participated in good faith at the arbitration hearing (emphasis in original)). I submit that such an order approaches an "abuse of the arbitration process" and does little to "assure the integrity of the arbitration process" because it compels an arbitration hearing go forward with one party barred from testifying or presenting any evidence based on the failure to strictly abide with a discovery schedule long since satisfied and having nothing to do with the proceedings before the arbitration panel. See Ill. S. Ct. R. 91(b), Committee Comments. The self-executing discovery order is much like a freight train–once the train begins its travel, it is difficult to reverse.

¶ 57    After the arbitration hearing, both parties appeared before a circuit court judge.[2] The plaintiff sought to exercise her right to have a trier of fact decide the merits of her case by rejecting the award entered in the defendant's favor, though she was deprived of such insight from the arbitration panel. The defendant moved to bar the plaintiff from rejecting the arbitration award and requested judgment be entered on its behalf. In effect, the defendant sought to twice visit upon the plaintiff the sanction imposed for filing her answers to interrogatories one week late. The plaintiff was first barred from testifying and submitting evidence at the arbitration hearing. The second sanction was even more drastic: the court entered judgment in favor of the defendant, effectively stating the train could not be reversed. On the plaintiff's motion to reconsider, the court ruled: "[The plaintiff acted] as a matter of choice, not inadvertence or anything like that. The motion to reconsider is denied and *** the judgment on the award to stand."

¶ 58    Rule 91(b) permits a circuit court to bar a party in a mandatory arbitration proceeding from rejecting the arbitration award if that party did not participate in good faith. The difficulty in the circuit court's order here is that the arbitration panel determined that the plaintiff participated in good faith, which bears *prima facie* correctness, as the rule directs. Ill. S. Ct. R. 91(b) (eff. June 1, 1993). The circuit court effectively overruled the arbitration panel, but it did so without regard to what occurred at the arbitration hearing; rather, the

---

[2]The order at issue here was entered by one judge and enforced by another.

court merely followed its earlier self-executing order by precluding the plaintiff from rejecting the award and entering judgment in favor of the defendant. The court faulted the plaintiff for failing to have "the barring order vacated[, which permitted] *** arbitration [to] proceed[ ] with the barring order in effect as a result thereof." Of course, in her motion to reject the arbitration award, the plaintiff requested that the debarring order be vacated, but apparently that too was untimely. In effect, the self-executing discovery order not only intruded upon the mandatory arbitration proceedings outside the scope of the supreme court rules governing mandatory arbitration, but determined that the plaintiff participated in bad faith based on the tardy filing of her answers to interrogatories, which were filed long before she appeared at the arbitration hearing.

¶ 59    Rule 91(b) requires that the arbitration panel rule "unanimously" in finding "that a party has failed to participate in the hearing in good faith and in a meaningful manner" before a petition for sanctions may seek "an order debarring [the offending] party from rejecting the award." Ill. S. Ct. R. 91(b) (eff. June 1, 1993). The panel's determination of bad faith must be in writing with its "finding and factual basis therefor *** stated on the award." *Id.* Consistent with earlier decisions of this court, Rule 91(b), as written, requires that a finding of a party's failure to participate in good faith and in a meaningful manner relate to the proceedings before the arbitration panel before a circuit court may enter an order that bars the offending party from rejecting the award. See, *e.g.*, *Easter Seal*, 307 Ill. App. 3d at 50 (trial court abused its discretion in barring rejection of arbitration award based on a finding of bad faith where the sanction was not imposed for the offending party's conduct at the arbitration hearing but, rather, for filing a court-ordered response "two days late").

¶ 60    While an arbitration panel's good-faith finding may be refuted, the circuit court below was presented with no evidence to refute the *prima facie* correctness of the arbitration panel's finding that the plaintiff participated in good faith. See *Morrison v. Flowers*, 308 Ill. 189, 195 (1923) ("in the absence of explanatory or contradictory evidence the finding shall be in accordance with the proof establishing the *prima facie* case"). The circuit court simply pointed to the self-executing order entered months before the mandatory arbitration hearing was held to justify its finding of bad faith. I find nothing in Rule 91(b) that permits the circuit court to invoke a long passed and corrected discovery violation as the basis to disregard the arbitration panel's unanimous finding of good-faith participation. It is doubtful the drafters of Rule 91(b) intended the circuit court to nullify a party's right to reject an award in the face of an express finding by the panel of good-faith participation. See *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997) (the language of the rule determines the true intent of the drafters). Nor is there any basis in the record to transform the plaintiff's late filing of her answers to interrogatories into an "intentional disregard for the arbitration process" to justify the drastic sanction entered in this case. *Nationwide Mutual Insurance Company v. Kogut*, 354 Ill. App. 3d 1, 8 (2004) (no showing made that "the arbitration mechanism was flouted"). As the arbitrators determined, the plaintiff participated in good faith and in a meaningful manner, constrained though she was by the sanction imposed by the self-executing discovery order. The recent cases upon which the defendant relies to uphold the validity of plaintiff's debarment based on the self-executing order, which, while not cited here, the majority properly distinguishes (*supra* ¶¶ 35-45), reflect how this court has strayed from our earlier

-14-

decisions in expanding the role of the circuit court in mandatory arbitration proceedings under the guise of applying Rule 91(b). See *Amro*, 337 Ill. App. 3d at 372; *Easter Seal*, 307 Ill. App. 3d at 50; *Webber*, 287 Ill. App. 3d at 463; *Knight*, 291 Ill. App. 3d at 381.

¶ 61     Unquestionably, the circuit court has the discretion to sanction a party for a discovery violation. To do so, however, it must act under Rule 219(c) (Ill. S. Ct. R. 219(c) (eff. July 1, 2002)) and the case law interpreting that rule.[3] See generally *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 124 (1998) (six factors must be considered before a drastic sanction may properly be imposed); *In re Marriage of Lai*, 253 Ill. App. 3d 111, 116 (1993) ("The purpose of discovery sanctions is to coerce recalcitrant parties to cooperate in accomplishing the required discovery, not to punish."). "In determining an appropriate sanction, the trial judge must weigh the competing interests of the parties' rights to maintain a lawsuit against the necessity to accomplish the objectives of discovery and promote the unimpeded flow of litigation." *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68 (1995). Under such cases, the circuit court here erred as matter of law where no arguable claim can be made that the plaintiff engaged in "contumacious disregard for the court's authority" to justify the entry of judgment in favor of the defendant. *Id.* Consistent with the *Sander* court's observation, this is the only opportunity for the plaintiff to seek a remedy for the wrong she believes she sustained in this case. *Id.* Self-executing discovery orders, by their very nature, preclude the exercise of discretion in determining the appropriate sanction to apply when a party is tardy in fully complying with his or her discovery obligations. If a case is to proceed to mandatory arbitration, it should do so with little interference by matters not germane to the proceedings. Continued reliance on self-executing discovery orders in mandatory arbitration cases in Cook County may warrant guidance from the Illinois Supreme Court. *Cf. Illinois State Chamber of Commerce v. Filan*, 216 Ill. 2d 653, 664 (2005) (the adversarial nature of our system imposes a responsibility on a reviewing court to maintain a sound and uniform body of precedent).

¶ 62     In the final analysis, the sanction imposed by the circuit court under Rule 219(c) must be "just," as the rule expressly provides. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). The order at issue here from its inception was not just as a matter of law.

---

[3]Only a violation of the good-faith participation requirement in Rule 91(b) expressly triggers an order debarring the offending "party from rejecting the [arbitration] award." Ill. S. Ct. R. 91(b) (eff. June 1, 1993).