2018 IL App (4th) 170455

NO. 4-17-0455

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF ELOISE VIRGINIA PRUNTY, Deceased | ) ) | Appeal from Circuit Court of |
| | ) | Macon County |
| (Mary Burk and Pamela Miller, | ) | No. 13P116 |
| Petitioners-Appellees, | ) | |
| v. | ) | Honorable |
| Kevin L. Thayer, | ) | R.C. Bollinger, |
| Respondent-Appellant). | ) ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices DeArmond and Turner concurred in the judgment and opinion.

**OPINION**

¶ 1     The Macon County circuit court granted a motion by petitioners, Mary Burk and

Pamela Miller, to transfer this case to De Witt County pursuant to Illinois Supreme Court Rule

187(c)(1) (eff. Jan. 4, 2013) (intrastate transfer under the doctrine of *forum non conveniens*).

Respondent, Kevin L. Thayer, appeals. We dismiss the appeal for lack of subject-matter

jurisdiction.

¶ 2                         I. BACKGROUND

¶ 3     In 2008, Elizabeth O. Lynn died intestate in De Witt County. Her estate, which is

still being probated in the De Witt County circuit court (In re Estate of Lynn, No. 08-P-25 (Cir.

Ct. De Witt County)), includes 20 acres on Clinton Lake.

¶ 4        Lynn had a sister, Eloise Virginia Prunty, who survived her (but died five years later), and it is undisputed that, under the laws of descent and distribution (755 ILCS 5/2-1 (West 2008)), Prunty became entitled, upon Lynn's death, to inherit half the residue of Lynn's estate.

¶ 5        Although she survived Lynn, Prunty herself was in poor health, and at some point she was moved from her dilapidated house in Clinton, De Witt County, to Mt. Zion, Macon County, so she could live with a granddaughter, Kristen Hines, to whom she had given a health-care and property power of attorney.

¶ 6        On December 8, 2013, Prunty died in Mt. Zion.

¶ 7        On May 8, 2014, in the Macon County circuit court, petitioners (two of Prunty's daughters) filed a petition for letters of administration, seeking to be appointed coadministrators of her estate.

¶ 8        On January 11, 2017, petitioners filed a "Motion To Transfer Probate," requesting a transfer of this case to the De Witt County circuit court. Their motion—which did not cite Illinois Supreme Court Rule 187 (eff. Jan. 4, 2013)—notified the Macon County circuit court, apparently for the first time, of the *Lynn* case pending in De Witt County and being appealed by respondent (*In re Estate of Lynn*, 2017 IL App (4th) 160766-U, *appeal denied*, No. 122315 (Ill. Sept. 27, 2017)), the expected estate sale of Lynn's 20 acres on Clinton Lake, and the right of Prunty's estate to receive half the residue of Lynn's estate. Petitioners' argument for the proposed transfer was essentially twofold. First, Prunty had lived her entire life in Clinton except for "approximately one year before her deathbed," when, because of declining health and a lack of funds, she moved in with Hines in Mt. Zion. Prunty nevertheless had "persisted that her residence was in De Witt County." Second, "[the De Witt County circuit court could] more efficiently supervise the administration of [Prunty's] estate as it [would] be determining the

disposition of [Lynn's] estate[,] which [had to] first be concluded and with one-half of the residue of that [e]state paid to the [l]egal [r]epresentative of [Prunty's estate]. Both cases could then track together."

¶ 9        Respondent filed an objection to the "Motion To Transfer Probate." He argued that, under section 5-1(a) of the Probate Act of 1975 (Probate Act) (755 ILCS 5/5-1(a) (West 2012)), the administration of an estate should be "[i]n the county where [the decedent] has a known place of residence" and, in Prunty's case, that county was Macon County, considering she resided in Mt. Zion at the time of her death.

¶ 10       In the docket entry for April 3, 2017, the Macon County circuit court ordered: "Petitioners to file an Amended Motion to Transfer based on Forum Non Conveniens along with supporting Affidavits by [April 18, 2017]. [Respondent] to file a response with any opposing affidavits by [May 3, 2017]."

¶ 11       On April 17, 2017, petitioners filed a "*Forum Non Conveniens* Motion To Transfer Cause of Action," which, this time, cited Rule 187 and included a supporting affidavit by Miller. In addition to reiterating that Prunty had lived practically all her life in De Witt County and that the administration of her estate would be most efficiently supervised in the county where the bulk of her property was located, the motion observed that "a majority of *** those interested in [Prunty's] [e]state reside[d] in De Witt County, Illinois, especially [respondent,] who [was] taking a primary position in this [p]robate."

¶ 12       On May 10, 2017, respondent filed his "Reply to *Forum Non Conveniens* Motion To Transfer Cause of Action Filed by Mary Burk and Pamela Miller by Attorney Curtis G. Quindry." This was a week beyond the court-imposed deadline for a response, and respondent had not requested an extension. Also, he presented no affidavit to counter Miller's affidavit.

- 3 -

¶ 13        On June 12, 2017, four days after hearing oral arguments, the Macon County circuit court granted petitioner's Rule 187 motion to transfer this case to the De Witt County circuit court. In its written order, the court noted the private-interest factors and the public-interest factors to be considered when applying the doctrine of *forum non conveniens*. The private-interest factors were (1) the parties' convenience; (2) the relative ease of access to testimonial, documentary, and real-evidence sources; (3) the availability of compulsive process to secure the attendance of unwilling witnesses; (4) the possibility of viewing the premises, if appropriate; and (5) all other factors that would make a trial of the case easy, expeditious, and inexpensive. The public-interest factors were (1) the interest in deciding controversies locally, (2) the unfairness of imposing trial expenses and the burden of jury duty on residents of a forum having little connection to the litigation, and (3) the administrative difficulties presented by adding litigation to already crowded court dockets.

¶ 14        The Macon County circuit court noted that neither of the petitioners resided in Macon County and the only party who objected to their pending petition was [respondent], who resided in De Witt County. The primary assets were real estate located in De Witt County, *i.e.*, the 20 acres on Clinton Lake and Prunty's residence in Clinton. The 20 acres were the subject of the *Lynn* case in De Witt County. Macon County had no connection to this case other than the fact that Prunty died there, and De Witt County would be a more convenient forum for the parties and any witnesses. Macon County had no ongoing interest in resolving this dispute locally. Therefore, the Macon County circuit court found that "the balance of the relevant factors strongly favor[ed] transfer to De Witt County," and accordingly, the court granted petitioners' motion pursuant to Rule 187 to transfer the case from Macon County to De Witt County.

¶ 15    On June 19, 2017, respondent filed a notice of appeal with the Macon County circuit clerk. The notice of appeal stated that respondent was appealing "[t]he [t]rial [c]ourt's docket entry of June 12, 2017, and the [c]ourt's written [o]rder of June 12, 2017, granting [petitioners'] Forum Non Conveniens Motion to Transfer Cause of Action."

¶ 16    Respondent did not file with us a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Mar. 8, 2016).

¶ 17                                    II. ANALYSIS

¶ 18    According to the "Statement of Jurisdiction" in respondent's brief filed August 29, 2017 (see Ill. S. Ct. R. 341(h)(4)(ii) (eff. July 1, 2017), he appeals pursuant to Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016). Under Illinois Supreme Court Rule 341(i) (eff. July 1, 2017), petitioners were obliged to include a discussion of jurisdiction in their own brief "to the extent that the presentation by [respondent was] deemed unsatisfactory." Their brief is silent regarding our jurisdiction.

¶ 19    Even though the parties seem to regard our jurisdiction as unproblematic, we have an independent duty to make sure we have jurisdiction before proceeding to the merits of this appeal. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). To that end, let us consider the rule that respondent invokes in his "Statement of Jurisdiction." Rule 304(b)(1) provides as follows:

> "(b) Judgments and Orders Appealable Without Special Finding. The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

- 5 -

(1) A judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016). We have been unable to find any authority stating, one way or the other, whether an intrastate transfer pursuant to the doctrine of *forum non conveniens* (Ill. S. Ct. R. 187(c)(1) (eff. Jan. 4, 2013) is "[a] judgment or order *** which finally determines a right or status of a party" (Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016)).

¶ 20 " 'Only final orders fit within Rule 304(b)(1).' " *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 84 (quoting *Stephen v. Huckaba*, 361 Ill. App. 3d 1047, 1051 (2005)). " 'A final order is one that disposes of the rights of the parties either with respect to the entire controversy or some definite and separate portion thereof.' " (Internal quotation marks omitted.) *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 21 (quoting *In re Estate of Yucis*, 382 Ill. App. 3d 1062, 1069 (2008)). An order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim against an estate is a final order within the meaning of Rule 304(b)(1), to use some examples. *Id.* Another example is an order determining that an item of property in dispute is or is not an asset of the estate. *Id.* ¶ 24; *In re Estate of Pawlinski*, 407 Ill. App. 3d 957, 963 (2011). The transfer of a case from one county to another pursuant to the doctrine of *forum non conveniens* resembles none of those examples. By transferring this case to De Witt County, the Macon County circuit court did not "finally [determine] a right or status of a party"; it merely determined the venue in which such rights or status would be determined. Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016). The "controversy" in this case is whether petitioners should be appointed as coadministrators of Prunty's estate. See *York*, 2015 IL App (1st) 132830, ¶ 21. Venue is not a "definite and separate

portion" of that "controversy"; rather, venue is only the county in which that controversy shall be decided. (Internal quotation marks omitted.) *Id.* Therefore, in our *de novo* interpretation of Rule 304(b)(1) (see *Reyes v. Menard, Inc.*, 2012 IL App (1st) 112555, ¶ 14), we conclude it does not apply to intrastate transfers pursuant to Rule 187(c)(1).

¶ 21 Instead of Rule 304(b)(1), the more obviously applicable rule is Rule 306(a)(2), which provides as follows:

> "(a) Orders Appealable by Petition. A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:
>
> ***
>
> (2) from an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens*, or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State on such grounds ***." Ill. S. Ct. R. 306(a)(2) (eff. Mar. 8, 2016).

¶ 22 A petition for leave to appeal under Rule 306(a)(2) must be "filed in the Appellate Court in accordance with the requirements for briefs within 30 days after the entry of the order," and "[a] supporting record conforming to the requirements of Rule 328 [(Ill. S. Ct. R. 328 (eff. July 1, 2017))] shall be filed with the petition." Ill. S. Ct. R. 306(c)(1) (eff. Mar. 8, 2016). "Any other party may file an answer within 21 days of the filing of the petition, together with a supplementary supporting record conforming to Rule 328 consisting of any additional parts of the record the party desires to have considered by the Appellate Court." Ill. S. Ct. R. 306(c)(2) (eff. Mar. 8, 2016).

¶ 23       That procedure was not followed. Within 30 days after the Macon County circuit court ordered the transfer of the case to De Witt County, respondent did not file with us a petition for leave to appeal pursuant to Rule 306(a)(2). The 30 day deadline is jurisdictional (*Miller v. Consolidated R. Corp.*, 173 Ill. 2d 252, 258 (1996)), and the deadline has passed. Our jurisdiction " 'attaches only upon compliance with the rules governing appeals,' " and we lack authority to excuse compliance with those rules. (Internal quotation marks omitted.) *People v. Salem*, 2016 IL 118693, ¶ 19 (quoting *People v. Lyles*, 217 Ill. 2d 210, 216 (2005)).

¶ 24                           III. CONCLUSION

¶ 25       For the foregoing reasons, we dismiss this appeal for lack of subject-matter jurisdiction.

¶ 26       Appeal dismissed.