NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200015-U

NO. 4-20-0015

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 9, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| HOUSE OF THE RAINBOW, INC., and DAVID R. KETTELKAMP, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, | ) | Sangamon County |
| v. | ) | No. 14MR445 |
| THE CITY OF SPRINGFIELD, ILLINOIS, and J. MICHAEL HOUSTON, Mayor, | ) ) ) | Honorable |
| Defendants-Appellees. | ) ) | Rudolph M. Braud Jr., Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court dismissed the appeal, concluding it was without jurisdiction where plaintiffs did not appeal from a final judgment.

¶ 2    Plaintiffs, House of the Rainbow, Inc., and David R. Kettelkamp, appeal from the circuit court's award of summary judgment in favor of defendant, the City of Springfield, Illinois (City). On appeal, plaintiffs argue we should reverse the circuit court's award of summary judgment and remand with instructions for the court to vacate its order granting such relief and to dismiss related administrative cases. Because plaintiffs have not appealed from a final judgment, we are without jurisdiction and dismiss the appeal.

¶ 3                          I. BACKGROUND

¶ 4    In June 2013, the City filed administrative complaints against plaintiffs, alleging

violations of section 155.010(a) of the 1988 City of Springfield Code of Ordinances (City Code) based upon the way plaintiffs were using certain properties.

¶ 5    In March 2014, an administrative hearing officer conducted a hearing on the City's complaints. After receiving evidence and arguments, the hearing officer took the matters under advisement.

¶ 6    In April 2014, the administrative hearing officer issued an administrative decision, finding the way plaintiffs were using the subject properties was in violation of the City Code. The hearing officer ordered plaintiffs to pay a fine of $300 per day per subject property commencing 21 days from the date of the decision and continuing daily until the use of the subject properties followed the City Code.

¶ 7    In May 2014, plaintiffs filed a complaint in the circuit court seeking review of the administrative decision. Plaintiffs named and served as defendants both the City and its mayor, J. Michael Houston (Mayor).

¶ 8    In June 2014, the City and the Mayor filed a combined answer along with the record of the administrative proceedings.

¶ 9    In October 2014, plaintiffs filed (1) a motion to stay the accrual of any fines until a final resolution and (2) a motion to clarify and amend the administrative record. Plaintiffs did not set either motion for a hearing. Except for the case being reassigned to a different judge, no further action was taken in the circuit court until March 2019.

¶ 10    In March 2019, the City filed a motion for summary judgment. Plaintiffs later filed a response. Following a December 2019 hearing, the circuit court entered a docket entry granting the City's motion.

¶ 11 This appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13 On appeal, plaintiffs argue we should reverse the circuit court's award of summary judgment and remand with instructions for the court to vacate its order granting such relief and to dismiss the related administrative cases. The City disagrees, contending we should affirm the award of summary judgment.

¶ 14 Prior to reaching the merits of this appeal, we have a duty to consider our jurisdiction. *In re Estate of Prunty*, 2018 IL App (4th) 170455, ¶ 19, 99 N.E.3d 614. In the jurisdictional statement of their appellate brief (see Ill. S. Ct. R. 341(h)(4)(ii) (eff. Nov. 1, 2017)), plaintiffs contend we have jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Illinois Supreme Court Rule 303 (eff. July 1, 2017). The City agrees with plaintiffs' contention.

¶ 15 Rule 301 provides, "Every final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Rule 303, in turn, sets forth the guidelines for effectuating an appeal from a final judgment of a circuit court. Ill. S. Ct. R. 303 (eff. July 1, 2017). For purposes of Rule 301, a final judgment is one which "fixes absolutely and finally the rights of the parties" in a lawsuit; it is final if it "determines the litigation on the merits so that, if affirmed, nothing remains for the [circuit] court to do but to proceed with its execution" of the judgment. *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33, 840 N.E.2d 1174, 1181-82 (2005). Absent an express finding by a circuit court that there is no just reason for delaying an appeal, "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not *** appealable and is subject

to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 16 Here, plaintiffs filed their complaint in the circuit court against both the City and the Mayor. The City and the Mayor then filed a combined answer to plaintiffs' complaint. After almost four and a half years of inactivity, the City, individually, filed a motion for summary judgment, which the court granted. As the record stands, there has been no resolution on plaintiffs' complaint as it relates to the Mayor. Absent such a resolution, we find there is no final judgment for purposes of Rule 301. Plaintiff's notice of appeal is, in effect, premature. We are without jurisdiction and must dismiss the appeal.

¶ 17 In so finding, we note, even if Houston was no longer the mayor when the City filed its motion for summary judgement, Houston leaving office did not remove the mayor as a party. Instead, the action continued against the successor in office. See 735 ILCS 5/2-1008(d) (West 2018) ("If *** any public officer ceases to hold *** office and that fact is suggested of record, the action shall proceed *** against his or her successor.").

¶ 18 III. CONCLUSION

¶ 19 Because plaintiffs have not appealed from a final judgment, we are without jurisdiction and dismiss the appeal.

¶ 20 Appeal dismissed.